UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IYOB HAILE-IYANU                          :
101 S. Whiting Street, #506               :
Alexandria, VA   22304                    :
                                          :
          Plaintiff,                      :
                                          :
v.                                        :    Civil Action No. _____
                                          :
CENTRAL PARKING SYSTEM OF                 :    (Jury Demanded)
VIRGINIA, INC.                            :
d/b/a CENTRAL PARKING SYSTEM              :
1225 I Street., N.W.                      :
Washington, D.C. 20005                    :
                                          :
Serve:                                    :
Registered Agent                          :
Corporation Service Company              :
1090 Vermont Ave., N.W.                   :
Washington, D.C. 20005                    :
                                          :
          Defendant.                      :

## COMPLAINT

### Parties

COMES NOW the Plaintiff, Iyob Haile–Iyanu, through his attorney, Nils G. Peterson, and for his Complaint against the Defendant, Central Parking System of Virginia, Inc. ("Central"), alleges as follows:

1.   Plaintiff Haile–Iyanu is a resident of Virginia. Defendant employed Plaintiff in the District of Columbia.

2.   Defendant Central is a Tennessee corporation registered to do business in the District of Columbia and has done business in the District of Columbia during all times material hereto.

### Jurisdiction

3.   Jurisdiction of this action is conferred on this Court by §16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), (the "Act" or "FLSA") and pendent jurisdiction.

### COUNT I    TERMINATION IN VIOLATION OF FLSA

4.    At all times hereinafter mentioned, Defendant was engaged in the provision of parking services in the District of Columbia. The provision of such parking services directly affects interstate commerce and Defendant's employees are engaged in such interstate commerce.  During the course of his employment Plaintiff affected interstate commerce by his actions.

5.    From 2001 through September 2006, Defendant employed Plaintiff as an area manager.

6.    During 2005 and 2006 Plaintiff sought payment of proper overtime for employees that he supervised.

7.    Defendant's employees refused and failed to pay all the overtime that was earned by the employees that were supervised by plaintiff.

8.    As a result of Plaintiff's request  that the employees be compensated properly for overtime that they worked, Defendant retaliated against him through termination of his employment.

9.    As a result of the foregoing wilful unlawful conduct on the part of Defendant, Plaintiff has suffered damages since he has lost pay and benefits.  Plaintiff further seeks liquidated damages equal to the wages due but not paid as a result of Defendant's wilful termination of his employment in violation of §15 of the Act, 29 U.S.C. §215.

### COUNT II

### VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

10.    Plaintiff restates and realleges paragraphs 1 to 9.

2

11.    Plaintiff brings this action under the provisions of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. and the District of Columbia Family and Medical Leave Act  DC Code 32-501 et seq ("FMLA").

12.    Jurisdiction of this action is conferred on this Court by The Family and Medical Leave Act 29 U.S.C. 2617 and the District of Columbia Family and Medical Leave Act, D.C. Code 32-510 et seq..

13.    Defendant, at all times relevant, employed 50 or more employees and is an employer within the meaning of 29 U.S.C. §2611(4) and D.C. Code 32-501 et seq.

14.    Plaintiff is an eligible employee within the meaning of 29 U.S.C. §2611(2) and D.C. Code 32-516; he was employed full time by Defendant for four years.

15.    In the course of his employment by Defendant, Plaintiff's performance was satisfactory.

16.    Plaintiff was injured on October 31, 2005 due to a work related accident.  Plaintiff went to Georgetown Hospital and was later treated at INOVA Alexandria Hospital for a herniated disk.

17.    Plaintiff took leave for his injuries sustained in the accident.

18.    When plaintiff returned to work he was required to take intermittent leave for his serious medical condition and informed Defendant of the need for such leave and the need for further treatment.

19.    Plaintiff was terminated on September 12, 2006 for improper placement of a key which was a charge that was fabricated by Defendant.

20.    The injuries sustained by Plaintiff in the accident of

3

October 31, 2005 constitute a "serious health condition" under the FMLA.

21.  Defendant fired Plaintiff causing a loss of income and benefits.

22.  Defendant terminated Plaintiff for having taken medical leave and in order to interfere with Plaintiff's rights to future medical leave under the FMLA.

23.  Under the FMLA, Defendant was forbidden to interfere with Plaintiff's right to medical leave under the FMLA.

24.  Plaintiff was terminated in violation of his rights under the FMLA.

25.  The aforementioned acts of the Defendant are in violation of the Family and Medical Leave Act, 29 U.S.C. §2615 and the District of Columbia Family and Medical Leave Act.

26.  Plaintiff alleges that Defendant unlawfully and discriminatorily terminated his employment and otherwise discriminated against him in violation of 29 U.S.C. §2615(a)(2) and the District of Columbia Family and Medical Leave Act because of his use of medical leave for serious medical conditions justifying an award, inter alia, of back pay, interest and any and all other damages that he is entitled to under law against Defendant.

27.  Plaintiff alleges that Defendant unlawfully and discriminatorily denied Plaintiff's attempts to exercise his legal rights in violation of 29 U.S.C. §2615(a)(1) and the District of Columbia Family and Medical Leave Act because of his attempts to use medical leave, justifying an award, inter alia, of back pay, interest and any and all other damages that he is entitled to under law against Defendant.

4

WHEREFORE, Plaintiff prays that this Court exercise jurisdiction over his claim and award: (1) Full legal relief under the Federal and District of Columbia Family and Medical Leave Act, (2) damages to make the Plaintiff whole as before Defendant's actions, (3) prejudgment interest, (4) liquidated damages equal to the amounts awarded under (1), (2), and (3) as allowed by statute, (5) attorneys costs and fees as specifically provided in 29 U.S.C. §2617(a)(3) and the District of Columbia Code and (6) such additional relief, such as reinstatement and payment of improperly denied benefits, as may be necessary and proper.

### COUNT III – RETALIATION UNDER D.C. CODE SECTION 32–1542

28.    Plaintiff restates and realleges paragraphs 1–27.

29.    After Plaintiff's workplace injury on October 31, 2005, Plaintiff sought compensation through workers compensation for his injuries.

30.    Plaintiff was told by his doctor that because of his injuries he would be forced to toke intermittent leave for treatment. Plaintiff, shortly after inquiring of Defendant about compensation for the workplace injury through workers compensation, was terminated.

31.    On information and belief, Plaintiff was terminated because he requested workers compensation for the workplace injury in violation of D.C. Code 32–1542.

32.    Plaintiff was terminated on September 12, 2006 in the District of Columbia.

33.    Plaintiff has suffered damages because of the termination.

WHEREFORE, Plaintiff prays that this Honorable Court grant him

judgment against the Defendant for the amount of unpaid overtime owed Plaintiff, and prejudgment interest thereon at the lawful rate, on the basis of Defendants' wilful violation of the Fair Labor Standards Act, 29 U.S.C. §§201 et seq., and award Plaintiff (1) an equal amount in liquidated damages, (2) reasonable attorneys' fees and costs of suit, and (3) such other and further relief as this Court deems equitable and just.    In addition, Plaintiff seeks damages sustained by Plaintiff because of his retaliatory termination by Defendant for Plaintiff seeking compensation for his workplace injuries pursuant to, D.C. Code 32–1542 and such further relief as is just and warranted including reinstatement.

COUNT IV

RACIAL DISCRIMINATION

Jurisdiction

34.    Jurisdiction of this action is conferred on this Court by The Civil Rights Act of 1871, 42 U.S.C. 1981;

35.    Plaintiff restates and realleges paragraphs 1 to 33.

36.    Plaintiff is of African heritage and during his employment with Defendant he was paid less for the same work performed by white employees.

37.    Defendant discriminated against plaintiff based on his race.

38.    As a result of the aforesaid discrimination, Plaintiff has suffered loss of income, benefits and career opportunities.

39.    As a result of the aforesaid discrimination and harassment, Plaintiff suffered humiliation.

WHEREFORE, Plaintiff requests this Court:

(a) To award him under Section 1981 all the pay and fringe benefits he has lost as a result of Defendant's unlawful discrimination against him;

(b) To award him, under Section 1981, compensation and punitive damages for injuries suffered as a result of violation of federal law.

(c) To award him under Section 1981 reasonable attorney's fees and costs of this action.

(d) To award him such other and further relief as this Court deems just and proper.


## COUNT V

### RETALIATION

40. Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 39.

41. During his employment in 2004 and 2005 Plaintiff complained to Defendant about being paid less than white employees doing the same work. As result of such complaints Plaintiff was evaluated and placed on a performance improvement plan. On information and belief, complaining about racial discrimination led to the termination of Plaintiff's employment on September 12, 2006,

42. As a result of the aforesaid discrimination and retaliation, Plaintiff suffered loss of income and fringe benefits.

43. As a result of the acts of discrimination and retaliation, Plaintiff suffered humiliation, emotional harm and harm to his reputation.

7

44. Defendant's acts of discrimination and retaliation were performed with malice and reckless indifference to Plaintiff's protected civil rights.

45. Defendant wilfully discriminated and retaliated against Plaintiff on account of his claiming he was discriminated in his pay by Defendant in violation of Section 1981.

Wherefore, Plaintiff respectfully prays this Court:

(a) To award him under Section 1981 all the pay and fringe benefits he has lost as a result of Defendant's unlawful discrimination and retaliation against him;

(b) To award him, under Section 1981, compensation and punitive damages for injuries suffered as a result of violation of federal law.

(c) To award him under Section 1981 reasonable attorney's fees and costs of this action.

(d) To award him such other and further relief as this Court deems just and proper including reinstatement of his position.


JURY DEMANDED

Plaintiff hereby demands a jury on all issues triable by a jury.

> Iyob Haile-Iyanu
> By Counsel


Nils G. Peterson
DC Bar No. 295261
2009 N. 14th Street, #708
Arlington, VA  22201
703-527-9900

8

CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|

**I (a) PLAINTIFFS**

Iyob Haile-Iyanu                    88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____

(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Nils Peterson (703) 527-9900
2009 N. 14th Street Suite 708
Arlington, VA 22201

**DEFENDANTS**

Central Parking System of
Virginia, Inc.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____

CASE NUMBER   1:06CV02171

JUDGE: Emmet G. Sullivan

DECK TYPE: Labor/ERISA (non-employme

DATE STAMP: 12/21/2006

**II BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of
Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES**
FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. Antitrust | ☐ B. Personal Injury/ Malpractice | ☐ C. Administrative Agency Review | ☐ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil |
|---|

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ☐ G. Habeas Corpus/2255 | ☐ H. Employment Discrimination | ☐ I. FOIA/PRIVACY ACT | ☐ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☒ K. Labor/ERISA (non-employment) | ☐ L. Other Civil Rights (non-employment) | ☐ M. Contract | ☐ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

29 U.S.C. 201  Termination in violation of Fair Labor Standards Act

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | DEMAND $ | Check YES only if demanded in complaint<br>JURY DEMAND: ☒ YES   ☐ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instruction) | ☒ YES   ☐ NO   If yes, please complete related case form. |
|---|---|---|

DATE  12/21/06   SIGNATURE OF ATTORNEY OF RECORD  _N. D. S. Peterson_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.