UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IYOB HAILE-IYANU,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL PARKING SYSTEM OF VIRGINIA, INC.,<br><br>Defendant. | Case No. 1:06-cv-02171-EGS |

## DEFENDANT'S PARTIAL MOTION TO DISMISS

Defendant, Central Parking System of Virginia, Inc. ("Central Parking"), through counsel, hereby submits this Partial Motion to Dismiss in the above-captioned matter. Pursuant to Federal Rule of Civil Procedure 12(b)(6), and for the reasons set forth in the accompanying Memorandum of Points and Authorities in Support ("Memorandum in Support"), Central Parking seeks an Order dismissing the Complaint of Plaintiff Iyob Haile-Iyanu ("Mr. Haile-Iyanu") with respect to Counts I, II and III, which allege, respectively, retaliation under the Fair Labor Standards Act ("FLSA"), retaliation under the Family and Medical Leave Act ("FMLA") and the District of Columbia Family and Medical Leave Act ("DCFMLA"), and retaliation under D.C. Code § 32-1542.

In support of this Motion, Central Parking respectfully refers the Court to the accompanying Memorandum in Support and Proposed Order.

Dated: February 13, 2007            Respectfully submitted,

                                                   LITTLER MENDELSON

                                 By: _____/s/_____
                                        Joseph P. Harkins (DC Bar No. 394902)
                                        Maria Perugini Baechli (DC Bar No. 445323)
                                        1150 17th Street, N.W.
                                        Suite 900
                                        Washington, DC  20036
                                        (202) 842-3400  Telephone
                                        (202) 842-0011  Facsimile

                                        Attorneys for Defendant
                                        Central Parking System of Virginia, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of February, 2007, a copy of the foregoing Defendant's Partial Motion to Dismiss, Memorandum of Points and Authorities in Support thereof, and Proposed Order were served, electronically, via ECF filing, upon:

> Nils G. Peterson, Esquire
> 2009 N. 14th Street
> Suite 708
> Arlington, VA 22201
>
> Counsel for Plaintiff Iyob Haile-Iyanu

_____/s/_____
Joseph P. Harkins

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IYOB HAILE-IYANU,<br><br>        Plaintiff,<br><br>v.<br><br>CENTRAL PARKING SYSTEM OF<br>VIRGINIA, INC.,<br><br>        Defendant. | Case No. 1:06-cv-02171-EGS |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS

I.    **Introduction**

Defendant, Central Parking System of Virginia, Inc. ("Central Parking"), moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Counts I, II and III of the Complaint filed by Plaintiff, Iyob Haile-Iyanu ("Mr. Haile-Iyanu"), because Plaintiff has failed to state claims upon which relief can be granted. In these Counts, Plaintiff has alleged no facts that would afford him the relief requested in his Complaint.

II.    **Plaintiff's Allegations in His Complaint**

Mr. Haile-Iyanu was employed by Central Parking as an area manager for Defendant's parking service business in the District of Columbia beginning in 2001 until September 12, 2006, when he was terminated. See Complaint ¶¶ 4, 5, 19, 32, 41. Plaintiff alleges that he was terminated in retaliation for requesting that the employees whom he supervised be compensated for overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, et seq., that he was

terminated in retaliation for taking leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and the District of Columbia Family and Medical Leave Act ("DCFMLA"), D.C. Code § 32-501, *et seq.*, and that he was terminated in retaliation for requesting workers' compensation benefits in violation of D.C. Code § 32-1542.[1] See Complaint ¶¶ 8, 22, 31.

As to his FLSA retaliation claim, Mr Haile-Iyanu alleges that he sought payment for the employees whom he supervised during 2005 and 2006 by requesting that Central Parking compensate the employees for overtime worked. Complaint ¶¶ 5, 6, 8. As a result of this request, Mr. Haile-Iyanu alleges, he was terminated. See Complaint ¶ 8. He seeks damages for lost pay and benefits, as well as liquidated damages. Complaint ¶ 9.

Regarding his FMLA and DCFMLA claim, Mr. Haile-Iyanu alleges that, on October 31, 2005, he suffered a herniated disk as a result of a workplace accident. Complaint ¶ 16. Mr. Haile-Iyanu took a leave of absence because of his injury. Complaint ¶ 17. After returning to work, Plaintiff also took intermittent leave. Complaint ¶ 18. Mr. Haile-Iyanu alleges that, on September 12, 2006, he was terminated for taking medical leave and that the termination interfered with his right to take future medical leave. Complaint ¶¶ 19, 22. Plaintiff seeks damages of back pay and interest, as well as liquidated damages, attorneys' fees and costs, reinstatement and payment of denied benefits. Complaint ¶¶ 26, 27, Prayer for Relief (Count II).

---

[1] Plaintiff's claims of race discrimination and retaliation under the Civil Rights Act of 1871, 42 U.S.C. § 1981, are not the subject of Defendant's Partial Motion to Dismiss. See Complaint, Counts IV and V.

Finally, in support of his claim of retaliation under D.C. Code § 32-1542, Plaintiff alleges that he sought workers' compensation benefits for his October 31, 2005 injury. Complaint ¶ 29. Mr. Haile-Iyanu alleges that, shortly after inquiring with Central Parking about workers' compensation benefits for his injury, he was terminated and that his termination was a result of his inquiry about workers' compensation benefits. Complaint ¶¶ 30, 31. He seeks damages for unpaid overtime, prejudgment interest, liquidated damages, attorneys' fees and costs, and reinstatement. Complaint ¶ Prayer for Relief (Count III).

### III.  Argument

#### A.  The Standards Governing This Motion Require Dismissal of the Complaint.

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should dismiss a cause of action when it fails to state a claim upon which relief can be granted. State of Cal. v. Department of Justice, 114 F.3d 1222, 1224 (D.C. Cir. 1997). Although this Court must accept the well-pleaded facts alleged in the Complaint as true, dismissal is proper if the allegations nevertheless fail to afford Plaintiff relief. See Campbell-El v. District of Columbia, 874 F. Supp. 403, 406 (D.D.C. 1994); Mills v. Home Equity Group, Inc., 871 F. Supp. 1482, 1484 (D.D.C. 1994); Vincent v. Anderson, 621 A.2d 367, 372 (D.C. 1993). That is the case here as to the three Counts in question.

#### B.  The Court Should Dismiss Plaintiff's FLSA Retaliation Claim Because Plaintiff Did Not Engage in a Statutorily Protected Activity.

To succeed on a claim for retaliation under the FLSA, a plaintiff must first demonstrate that he engaged in a statutorily protected activity. Mansfield v. Billington, 432 F. Supp. 2d 64, 73 (D.D.C. 2006) (dismissing plaintiff's Equal Pay Act claims under the FLSA because plaintiff's letter to her supervisor about alleged unequal pay did not constitute protected activity). The FLSA protects an employee who "has filed any complaint or instituted or caused to be

instituted any proceeding under or related to this chapter . . . has testified or is about to testify . . . or has served or is about to serve on an industry committee." Id. (finding that, when a statute is unambiguous on its face, courts should apply the clearly expressed intent of the statute's language and that the plain language of the FLSA's retaliation provision expressly limits the scope of its application); 29 U.S.C. § 215(a)(3).  Although the Court may broadly interpret remedial civil rights statutes, this general authority is insufficient to outweigh the plain language of the FLSA's retaliation provision. Id. at 75 (quoting Lambert v. Genesee Hosp., 10 F.3d 46, 55 (2d Cir. 1993) (explaining that the FLSA, unlike Title VII of the Civil Rights Act of 1964, prohibits retaliation for "three expressly enumerated types of conduct")).

In his Complaint, Mr. Haile-Iyanu states that he requested that Central Parking pay certain employees overtime for hours worked. Complaint ¶¶ 6, 8. According to Plaintiff, his request for overtime for these employees resulted in his termination. Complaint ¶ 8. Plaintiff does not allege that he filed a formal complaint or instituted any proceeding under the FLSA, nor does he allege that he engaged in any other protected activity under the FLSA. See 29 U.S.C. § 215(a)(3). Plaintiff alleges that he did nothing more than present an informal request to his employer to pay overtime to his supervisees. Complaint ¶¶ 6, 8. As such, his claim for termination in violation of the FLSA should be dismissed. See Mansfield, 73-74 (rejecting plaintiff's argument that the FLSA protects the filing of informal charges, including sending a letter to her supervisor, and dismissing plaintiff's claim for retaliation under the same FLSA retaliation provision). On the strength of the reasoning in Mansfield, the Court should dismiss Count I.

    **C.    The Court Should Dismiss Plaintiff's Claim Under the Family and Medical Leave Act and the District of Columbia Family and Medical Leave Act Because Plaintiff Cannot Establish the Required Causal Connection.**

The DCFMLA, like the FMLA, "does not immunize an employee from legitimate disciplinary action by [his] employer for reasons unrelated to the employee's [protected] leave." See Chang v. Institute for Public-Private Partnerships, Inc., 846 A.2d 318 (D.C. 2004) (affirming the trial court's grant of summary judgment against plaintiff who did not put forward any evidence that discredited, or tended to discredit, the defendant's reason for terminating her) (citing Bond v. Sterling, Inc., 77 F. Supp. 2d 300, 304 (N.D.N.Y. 1999)). In the absence of direct evidence of discrimination, District of Columbia law analyzes a DCFMLA retaliation claim under the McDonnell Douglas burden-shifting framework. See id. (citations omitted). Under the McDonnell Douglas framework, a plaintiff bears the initial burden of producing evidence to sustain a *prima facie* case. If the plaintiff meets this burden, the employer must then produce evidence of a legitimate, nondiscriminatory reason for its action. Id. If the employer offers a legitimate, nondiscriminatory reason, the burden shifts back to the plaintiff to present evidence that the employer's proffered reason is a pretext. Id. The ultimate burden of persuasion rests with the plaintiff to show impermissible motive or intent. Id.

To establish a *prima facie* case of retaliatory termination under the DCFMLA and the FMLA, a plaintiff must demonstrate that: (1) he engaged in a protected activity; (2) his employer took an adverse employment action; and (3) there was a causal connection between the two. See Chang (affirming the District Court's grant of summary judgment for defendant on plaintiff's claim for DCFMLA retaliation because plaintiff offered no affirmative evidence that she was terminated in violation of the DCFMLA when defendant terminated her the day she returned to work after DCFMLA leave) (citing King v. Preferred Technical Group, 166 F.3d 887,

893 (7th Cir. 1999) (taking FMLA leave constitutes "protected activity," termination constitutes "adverse employment decision," and temporal proximity between the two establishes "causal connection")). District of Columbia law holds that a plaintiff can establish a causal connection between the taking of leave and the adverse employment action, but only if there is a close temporal proximity between the two. Id. (citing Carter-Obayuwana v. Howard Univ., 764 A.2d 779, 792-793 (D.C. 2001) (testimony that plaintiff repeatedly complained of retaliatory treatment in the days immediately prior to receiving a reduction in salary was sufficient to establish a causal connection)).

Plaintiff alleges no facts that causally connect his leave to his termination. Mr. Haile-Iyanu states that he was terminated after he took a leave of absence for his injury. Complaint ¶ 19. Mr. Haile-Iyanu, however, also alleges that he was injured on October 31, 2005, that he took leave for his injuries, and that he was terminated on September 12, 2006 – almost eleven months after his leave of absence started. See Complaint ¶¶ 16-19; cf. Chang at 329 (a close temporal proximity between a protected activity and an adverse employment action can establish a causal connection between the two). Plaintiff fails to establish a causal connection between his leave and his termination because the temporal proximity between the two must be "very close," and here it is not. Sullivan-Obst v. Powell, 300 F. Supp. 2d 85 (D.D.C. 2004) (citing Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (noting that a three- or four-month period between an adverse action and protected activity is insufficient to show a causal connection, and that a 20-month period suggests "no causality at all")). Mr. Haile-Iyanu has alleged no facts that would establish his *prima facie* case of retaliation under the FMLA or the DCFMLA. Therefore, Plaintiff's claim in Count II for FMLA and DCFMLA retaliation should be dismissed.

  **D.** **The Court Should Dismiss Plaintiff's FMLA/DCFMLA Retaliation Claim Because the Right to Take Future Leave Is Not Protected.**

  The FMLA prohibits an employer from interfering with an employee's attempt to exercise actual FMLA rights. See 29 U.S.C. § 2615(1), 29 C.F.R. § 825.220; Price v. Wash. Hosp. Ctr., 321 F. Supp. 2d 38, 45-46 (D.D.C. 2004) (granting defendant's motion for summary judgment because plaintiff did not allege any interference with her FMLA rights but simply claimed that she was terminated when she was on medical leave under the FMLA and the DCFMLA). Interfering with FMLA rights involves not only denying FMLA leave but also discouraging an employee from taking leave. 29 C.F.R. 825.220(b). The DCFMLA provides that it "shall be unlawful for any person to interfere with, restrain, or deny the exercise of or the attempt to exercise any right" under the DCFMLA. D.C. Code § 32-507(a).

  Plaintiff alleges, in part, that Defendant violated the FMLA and DCFMLA by interfering with his ability to take *future* medical leave. See Complaint ¶¶ 22-24. In fact, Defendant never interfered with or restrained Plaintiff's right to take FMLA or DCFMLA leave. See Complaint ¶¶ 16-18. As Plaintiff states in his Complaint, he took a leave of absence without penalty after his October 31, 2005 injury. Complaint ¶¶ 16-17. Moreover, Plaintiff took intermittent leave when he returned to work after his leave of absence. Complaint ¶ 18. Mr. Haile-Iyanu does not allege that Central Parking interfered with his right to take these forms of leave. Rather, Plaintiff claims that Central Parking terminated him in order to interfere with *future* medical leave under the FMLA, if any. Complaint ¶ 22. Therefore, Plaintiff alleges insufficient facts to support his claim that Defendant interfered with his right to take FMLA leave. Plaintiff's claim for future leave is too speculative to serve as the basis for a claim of FMLA/DCFMLA retaliaion and should be dismissed.

E.  **The Court Should Dismiss Plaintiff's Retaliation Claim Under D.C. Code Section 32-1542 Because the D.C. Workers' Compensation Act Provides the Exclusive Procedure and Remedy.**

It is well established in the District of Columbia that the D.C. Workers' Compensation Act provides the *exclusive* procedure and remedy for claims arising out of workplace injuries, including claims of retaliation under the Act. Lytes v. D.C Water and Sewer Authority, 2006 U.S. Dist. LEXIS 19420 at *20-21 (D.D.C. Mar. 30, 2006) (emphasis in original) (dismissing plaintiff's claim of retaliation for filing for benefits under the D.C. Workers' Compensation Act because the Act itself provides the exclusive means to resolve the retaliation claim) (citing D.C. Code § 32-1504(a); Tatum v. Hyatt Corp., 918 F. Supp. 5, 8 (D.D.C. 1995); Nolting v. Nat'l Capital Group, Inc., 621 A.2d 1387, 1388 (D.C. 1993)).

The D.C. Workers' Compensation Act makes it unlawful to "discharge or in any other manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim compensation from such employer." D.C. Code § 32-1542. However, the D.C. Workers' Compensation Act provides a specific procedure and remedy for retaliation. See id. (noting that an employee discriminated against in violation of D.C. Code § 32-1542 "shall be restored to his employment and shall be compensated by his employer for any loss of wages arising out of such discrimination."). This remedy is exclusive. See Lytes at *21 (dismissing plaintiff's claim for retaliation under the D.C. Workers' Compensation Act because he did not pursue his administrative remedies under the Act); Nolting, 621 A.2d at 1387 (holding that there was no basis to conclude that "in enacting the provision barring retaliatory discharge, the [District of Columbia] contemplated that any relief would be available for its violation apart from that expressly provided for" in the Workers' Compensation Act).

Under the D.C. Workers' Compensation Act, an individual may file a claim of retaliatory employer action with the Mayor through the D.C. Department of Employment Services, Office of Workers' Compensation, within one year of the injury. See D.C. Code § 32-1542; D.C. Mun. Regs. tit. 7, §§ 200, 207. The Office of Workers' Compensation then issues an Order that may be appealed for administrative review by the D.C. Department of Employment Services Compensation Order Review Board. See D.C. Mun. Regs. tit. 7, § 250. The final administrative Order of the D.C. Department of Employment Services may be appealed for judicial review in the District of Columbia Court of Appeals. See D.C. Mun. Regs. tit. 7, § 270; see, e.g., 5000 Wisconsin Ave. Inc. v. D.C. Office of Workers' Compensation, 728 A.2d 1192 (D.C. 1999) (reviewing Department of Employment Services determination that the employer discriminated against an employee after she filed a workers' compensation claim and ordering reinstatement and back pay for the employee). If the Department of Employment Services determines that a violation of D.C. Code § 32-1542 occurred, the employer "shall be liable for a penalty of not less than $100 or more than $1,000, as may be determined by the Mayor." D.C. Code § 32-1542. The employee may also receive relief in the form of reinstatement and lost wages, provided that the employee is qualified to perform the duties of his or her employment. Id.

Mr. Haile-Iyanu alleges that he inquired about workers' compensation benefits for his October 31, 2005 workplace injury and that he was terminated shortly thereafter. Complaint ¶¶ 29-30. Mr. Haile-Iyanu also alleges that his termination was in violation of D.C. Code § 32-1542 of the D.C. Workers' Compensation Act. Complaint ¶ 31. Plaintiff, however, does not (and, apparently, cannot) state that he pursued his administrative remedies under the Act. Even if Plaintiff did pursue his administrative remedies under the Act, this Court is the incorrect forum

for judicial review. Therefore, Plaintiff's claim for retaliation under the D.C. Workers' Compensation Act should be dismissed.

Furthermore, Plaintiff seeks damages that are not available at all under the D.C. Workers' Compensation Act. See Complaint Prayer for Relief (Count III). Mr. Haile-Iyanu seeks unpaid overtime, prejudgment interest,[2] liquidated damages, attorneys' fees and costs, compensation for workplace injuries, and reinstatement. See id. The D.C. Workers' Compensation Act, however, provides a remedy to an employee for any retaliatory action by an employer:

> Any employee so discriminated against shall be restored to his employment and shall be compensated by his employer for any loss of wages arising out of such discrimination; provided, that if such employee ceases to be qualified to perform the duties of his employment, he shall not be entitled to such restoration and compensation.

D.C. Code § 32-1542. Thus, Mr. Haile-Iyanu would be entitled only to reinstatement and lost wages, if he is qualified to perform the duties of his employment *and* if he is awarded relief after pursuing his administrative remedies and judicial review in the correct forum. Plaintiff's claim for damages unavailable under the D.C. Workers' Compensation Act should be dismissed.

IV.   **Conclusion**

For the reasons set forth above, Defendant, Central Parking System of Virginia, Inc., respectfully requests that the Court dismiss Counts I, II, and III of the Complaint.

---

[2] Plaintiff erroneously seeks this relief on the basis of Defendant's "willful violation of the Fair Labor Standards Act," which is not the basis of Count III.

Dated: February 13, 2007

Respectfully submitted,

LITTLER MENDELSON

By: _____/s/_____
Joseph P. Harkins (DC Bar No. 394902)
Maria Perugini Baechli (DC Bar No. 445323)
1150 17th Street, N.W.
Suite 900
Washington, D.C. 20036
(202) 842-3400  Telephone
(202) 842-0011  Facsimile

Attorneys for Defendant
Central Parking System of Virginia, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IYOB HAILE-IYANU,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL PARKING SYSTEM OF VIRGINIA, INC.,<br><br>Defendant. | Case No. 1:06-cv-02171-EGS |

**PROPOSED ORDER**

Upon consideration of Defendant Central Parking System of Virginia, Inc.'s Partial Motion to Dismiss, the Memorandum of Points and Authorities in Support thereof, any Opposition and Reply, and the entire record herein, it is hereby

ORDERED that Defendant's Motion is GRANTED, and Counts I, II and III of the Complaint are hereby DISMISSED.

Dated: _____       _____
                                Emmet G. Sullivan
                                United States District Judge