```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

IYOB HAILE-IYANU              :
                              :
     Plaintiff,               :
                              :
v.                            : Civil Action No. 1:06CV02171 (EGS)
                              :
CENTRAL PARKING SYSTEM OF     :
VIRGINIA, INC.                :
                              :
     Defendant.               :
```

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
PARTIAL MOTION TO DISMISS

Comes now plaintiff, Iyob Haile-Iyanu, by counsel in opposition to Defendant's Partial Motion to Dismiss. For the reasons stated below, Plaintiff requests that the Court deny all of Defendant's Motion but the request to dismiss the count based on workers compensation. If the Complaint is found to be defective in any way with respect to the counts based on the Fair Labor Standards Act and the Family and Medical Leave Act, Plaintiff requests the Court to allow him to amend the Complaint pursuant to Rule 15(a).

Background Facts

This is an action for retaliation under the Fair Labor Standards Act, 29 U.S.C. 201 et seq. (FLSA) and interference and retaliation under the Family and medical leave Act, 29 U.S.C. 2601 et seq. The Complaint states that Plaintiff was employed by Central Parking and was terminated after (1) complaining that workers who he supervised were not paid proper overtime and (2) after he had a serious medical condition and would require time off in the future for such condition.

II. DISMISSAL IS INAPPROPRIATE AS TO FAIR LABOR STANDARDS ACT

Defendant asserts that dismissal of Plaintiff's claim based on the Fair Labor Standards Act is not allowed under the law relying on <u>Mansfield v. Billington</u>, 432 F.Supp.2d 64, 73 (D.D.C. 2006). Defendant ignores <u>Benic v. Reuters</u>, 357 F.Supp.2d 216, 219 (D.D.C. 2004) and <u>Rodriguez v. Puerto Rico Federal Affairs Admin</u>, 338 F.Supp.2d 125, 130 (D.D.C. 2004) which do not support Defendant's position. In <u>Rodriguez</u>, the Court held that the Judge does not decide if there is any set of facts that can support the claim on a motion to dismiss and that further development of the record was appropriate. The Court in <u>Benic</u> found that the Plaintiff stated a cause of action for retaliation and refused to grant summary judgment (at 219 note 1).

The Court in <u>Mansfield</u> decided that an informal complaint in the workplace was not sufficient to invoke the protection of Section 215 of the Fair Labor Standards Act based on its reading of the clear meaning of the statute. The decision in <u>Mansfield</u> (at 73) relies heavily on the Fourth Circuit decision in <u>Ball v. Memphis Bar-B-Q Co, Inc.</u>, 228 F.3d 360 (4th Cir. 2000) This reliance is misplaced for several reasons. First, <u>Memphis Bar-B-Q</u> is a case construing the testimony provision of Section 215, not the complaint provision. Second, and more important, the decision in <u>Memphis Bar-B-Q</u> undercuts the decision in <u>Mansfield</u>. The Fourth Circuit in <u>Memphis Bar-B-Q</u> recognizes that it previously construed virtually the same language contained in 29 U.S.C. 215 as providing that informal complaints were protected under the complaint language in Section 215 citing in a footnote at 363 its own

2

decision in <u>Rayner v. Smirl</u>, 873 F.2d 60, 63 (4th Cir. 1989) which found an almost identical section of the Federal Railroad Safety Act 45 U.S.C. 441 (repealed 1994) as protecting informal complaints. Thus, while the Court in <u>Mansfield</u> held that the plain meaning of Section 215 does not include informal complaints, the Fourth Circuit has been able to read this same language with a different result and has reaffirmed that result in its <u>Memphis Bar-B-Q</u> decision.

Although the District of Columbia Circuit Court of Appeals has not ruled on the availability of a cause of action based on intracorporate complaints about failure to pay overtime, the Circuit Courts of Appeal have by a substantial margin found that such a cause of action exists under the Fair Labor Standards Act, see <u>Valerio v. Putnam Associates, Inc.</u>, 173 F.3d 35, 41 (1st Cir. 1999). When an informal complaint is sufficient, an employee is protected against retaliation even when complaining about other employees' failure to be paid proper overtime, <u>Onken v. W.L. May Co.</u>, 300 F.Supp.2d 1066, 1068 (D.Or. 2004). The Court in <u>Onken</u> in holding for Plaintiff stated, "Defendant's narrow interpretation undermines the provisions overarching purpose, encouraging employees to reveal employer's statutory violations." (Id.)

In the instant case, Plaintiff's claim is also supported by the testifying prong of Section 215 of the FLSA. The fact that a supervisor was complaining about the failure of Central Parking to pay employees proper overtime is not a unique event. In <u>Montenez v. Central Parking System of Virginia, Inc.</u> Civil Action No. 1:00cv02871 (GK) supervisors of Central Parking asserted they were

terminated after complaining that employees were not paid proper overtime. This case was filed after an arbitrator ruled that Central Parking had not paid employees proper overtime. Prior to the filing of the Montenez case, about 10 actions for failure to pay proper overtime were filed in this Court.

Subsequent to the resolution of Montenez, employees of Central Parking have filed an additional cases in this Court alleging failure to pay proper overtime including:

1. Orantes and Trujillo v. Central Parking System of Virginia, Inc., 1:04-cv-00235 (JR)

2. Rojas . Central Parking System of virginia, Inc., 1:04-cv-01883 (RWR)

3. Medina v. Central Parking System of Virginia, Inc., 1:04-cv-01884 (JDB)

4. Teshome v. Central Parking System of Virginia, Inc., 1:05-cv-00366 (RWR)

5. Haile v. Central Parking System of Virginia, Inc., 1:05-cv-00614 (JDB)

6. Martinez v. Central Parking System of Virginia, Inc., 1:05-cv-00613 (JDB)

7. Chavez v. Central Parking System of Virginia, Inc., 1:05-cv-00899 (EGS)

8. Asfaw v. Central Parking System of Virginia, Inc., 1:06-cv-00641 (EGS)

Some of these cases were pending when Plaintiff in the instant action was complaining about the failure of Central Parking to pay employees proper overtime. Discovery in these and the likely subsequent cases against Central Parking for failure to pay proper overtime would have revealed the complaints of Iyob Haile-Iyanu who would have then been called to testify about the practices of Central Parking. Reasonable inferences are that Central Parking

4

terminated Plaintiff to prevent him from (1) continuing to protest about employees not being paid proper overtime, (2) being identified as someone who complained about employees not being paid properly and (3) being identified in discovery as a witness who had knowledge of and would testify about Central Parking's policy of not paying employees for all overtime hours worked. Plaintiff's complaint and termination coincided with the pendency in this Court of some of the above referenced cases alleging Central Parking failed to pay employees proper overtime.

Plaintiff requests the Court to hold that at this stage of the litigation it is premature to dismiss the action as the Court in <u>Rodriguez</u> held and/or permit the Plaintiff to amend his Complaint pursuant to Rule 15.

III. DISMISSAL OF THE FAMILY AND MEDICAL LEAVE ACT CLAIM IS INAPPROPRIATE

Defendant asserts that dismissal of Family and Medical Leave Act claim is appropriate because Plaintiff (1) has failed to establish the required causal connection and (2) the right to future medical leave is not protected. The Complaint alleges that Plaintiff suffered a serious medical condition, a herniated disk due to a work injury and subsequently was required to take intermittent leave for his injury and informed Central Parking of his need for further treatment (Complaint at paragraph 18). The Complaint also alleges that "Defendant terminated Plaintiff for having taken medical leave and in order to interfere with Plaintiff's rights to future medical leave under the FMLA" (Complaint, paragraph 22).

Defendant's memorandum asserts that the temporal proximity

5

required for causality is not present in this case because eleven months passed between the injury and termination (memo at 6). Defendant ignores the reference in the Complaint to intermittent leave being taken after the injury (Complaint, paragraph 18). Thus, on the record before the Court, the Defendant's assertion as to lack of temporal proximity is unwarranted. Additionally, Defendant's assertion about the need for temporal proximity is not supported by the caselaw. For example, the Court in <u>Brungart v. Bellsouth Telecommunications, Inc.</u>, 231 F.3d 791, 799 (11th Cir. 2000) held "To establish the causal connection element, 'a plaintiff need only show that the protected activity and the adverse action were not wholly unrelated.'" (citations omitted). The Court observed, "The general rule is that close proximity between the employee's protected conduct and the adverse employment action is sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection." (Id.). In the instant case, discovery is needed to determine the temporal relationship between Plaintiff's taking intermittent leave for his serious medical condition and the timing of the decision to terminate his employment. Discovery is required to establish the facts related to the relationship between medical leave and the termination.

Defendant's memorandum also asserts that the Complaint is insufficient because the facts as set forth are "too speculative to serve as the basis for a claim of FMLA/DCFMLA retaliation and should be dismissed." (memo at 7).

Plaintiff requests the Court to deny Defendant's motion to

6

dismiss the Family and Medical Leave Act claim. If the court finds that the Complaint is defective in any way including failing to supply sufficient facts, Plaintiff requests the ability to amend his complaint pursuant to Rule 15.

IV. WORKERS COMPENSATION CLAIM

Plaintiff, after a further review of the law concerning his claim based on workers compensation, agrees that such claim should be dismissed from the action.

## CONCLUSION

For the reasons stated above, Plaintiff request the Court to deny Defendant's Motion as it relates to the Fair Labor Standards Act claim and the Family and Medical Leave Act claim. To the extent that the Court finds either of these claims to be insufficiently pleaded, the Plaintiff requests the Court of allow Plaintiff to file an amended complaint pursuant to Rule 15. Plaintiff does not oppose Defendant's Motion to Dismiss as it pertains to the claim based on the Worker's Compensation statute.


                                        Iyob Haile-Iyanu
                                        By Counsel


____/s/_____
Nils G. Peterson
D.C. Bar No. 295261
2009 N. 14th Street, Suite 708
Arlington, VA   22201

CERTIFICATE OF SERVICE

    I hereby certify that on the 13th day of April 2007 a true copy of the foregoing was sent by U.S. Mail, first class postage prepaid to:

Joseph Harkins, Esq.
Maria Perugini Baechli, Esq.
Littler Mendelson
1150 17th Street, NW, #900
Washington, D.C.  20036

                                   _____/s/_____
                                   Nils Peterson

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

IYOB HAILE-IYANU                :
                                :
      Plaintiff,                :
                                :
v.                              :  Civil Action No. 1:06CV02171 (EGS)
                                :
CENTRAL PARKING SYSTEM OF       :
VIRGINIA, INC.                  :
                                :
      Defendant.                :
```

ORDER

UPON CONSIDERATION of the Partial Motion to Dismiss filed by Defendant and the Opposition filed by Plaintiff, it is hereby

ORDERED that the Partial Motion to Dismiss as to Counts I and II is hereby Denied; and it is further

ORDERED that the Partial Motion to Dismiss as to Count III is Granted.

ENTERED this ___ day of _____, 2007.


                                    _____
                                    UNITED STATES DISTRICT JUDGE