UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IYOB HAILE-IYANU,<br><br>        Plaintiff,<br><br>v.<br><br>CENTRAL PARKING SYSTEM OF VIRGINIA, INC.,<br><br>        Defendant. | Case No. 1:06-cv-02171-EGS |

**DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS**

Defendant, Central Parking System of Virginia, Inc. ("Central Parking"), hereby files its Reply to Plaintiff's Opposition to Defendant's Partial Motion to Dismiss.

**I.   Introduction**

As shown by Plaintiff, Iyob Haile-Iyanu ("Mr. Haile-Iyanu"), in his Opposition to Defendant's Partial Motion to Dismiss ("Opposition"), Mr. Haile-Iyanu's Complaint is defective and based upon irrelevant case law. See Opposition, at 1, 5, 7. Specifically, Mr. Haile-Iyanu concedes that his claim for retaliation under the District of Columbia Workers' Compensation Act (Count III) should be dismissed for lack of legal support. Opposition, at 7. In addition, Mr. Haile-Iyanu more or less acknowledges his failure to supply sufficient facts for both Counts I and II under relevant case law. See Opposition, at 5, 7. For the reasons set forth below, and for the reasons stated in the Memorandum of Points and Authorities in Support of Defendant's Partial Motion to Dismiss ("Motion"), Central Parking respectfully requests that the Court dismiss Counts I, II and III of Plaintiff's Complaint with prejudice.

## II. Argument

### A. Plaintiff Agrees that His Retaliation Claim Under D.C. Code Section 32-1542 (Count III) Should Be Dismissed with Prejudice Because the D.C. Workers' Compensation Act Provides the Exclusive Procedure and Remedy.

In his Opposition, Mr. Haile-Iyanu agrees with Central Parking's argument that Count III of the Complaint should be dismissed because the D.C. Workers' Compensation Act provides the exclusive procedure and remedy for such a retaliation claim. Opposition, at 7. Therefore, Defendant respectfully requests that the Court dismiss Count III with prejudice. See Motion, at 8-10.

### B. Plaintiff Attempts to Apply Irrelevant Case Law to Support His FLSA Retaliation Claim (Count I).

As explained in Defendant's Motion, dismissal of Plaintiff's claim for FLSA retaliation (Count I) is warranted under relevant and valid case law in this jurisdiction. Motion, at 3-4. Contrary to Mr. Haile-Iyanu's Opposition, Central Parking does not assert in its Motion that "dismissal of Plaintiff's claim based on the Fair Labor Standards Act *is not allowed* under the law relying on Mansfield." Opposition, at 2 (emphasis added). In fact, Central Parking argues that "on the strength of the reasoning in Mansfield, the Court *should dismiss* Count I [of Plaintiff's Complaint]." Motion, at 3-4 (emphasis added).

However, Plaintiff correctly states that Defendant did not address Benic v. Reuters, 357 F. Supp. 2d 216 (D.D.C. 2004), and Rodriguez v. Puerto Rico Federal Affairs Admin., 338 F. Supp. 2d 125 (D.D.C. 2004), in its Motion. Opposition, at 2. Defendant did not address Benic because it does not analyze the law regarding the type of complaint that can underpin an FLSA retaliation claim. In Benic, the District Court judge assumed, without discussion, that the employee made out a *prima facie* case of Fair Labor Standards Act ("FSLA") retaliation when he "made complaints to management" regarding alleged misclassification of jobs. Benic, 357 F.

- 2 -

Supp. 2d at 219, n. 1. The District Court judge, however, did not discuss the particular facts or how the law applied to those facts. See id. In Mansfield, however, another District Court judge fully analyzed the law regarding an FLSA retaliation claim based on an informal complaint, as discussed in Defendant's Motion.[1]  Motion, at 3-4. Moreover, Mansfield was decided nearly two years after Benic, and Mansfield did not mention Benic in discussing relevant case law. As such, Mr. Haile-Iyanu's reliance on Benic is misplaced. Opposition, at 2.

Furthermore, Mr. Haile-Iyanu incorrectly attempts to apply Rodriguez to the facts alleged in his Complaint. Opposition, at 2. In Rodriguez, the Court refused to address the plaintiff's FLSA retaliation claim on the record before it. The Court stated that, "[t]his issue appears to be one of first impression in the D.C. Circuit" and that "[i]t should not be decided on this record." Rodriguez, 338 F. Supp. 2d at 130 (finding that "plaintiff alleges only that she was fired after complaining to her employer about alleged violations of FLSA" and that plaintiff "does not indicate whether or not she filed any complaint with anyone (internal or external), instituted any proceeding, or testified or was about to testify in any proceeding").[2]  On appeal, the U.S. Court of Appeals for the District of Columbia Circuit reversed and remanded the case on other grounds with instructions to dismiss the complaint. Rodriguez v. Puerto Rico Federal Affairs Admin., 435 F.3d 378, 383 (D.C. Cir. 2006) (reversing on the ground that Puerto Rico enjoys the protection of sovereign immunity as applied to the states). Because Rodriguez did not decide the issue at hand, Plaintiff's reliance upon Rodriguez in his Opposition is inappropriate.

---

[1] Contrary to Plaintiff's assertions in his Opposition, Mansfield does not rely "heavily" on the Fourth Circuit decision in Ball v. Memphis Bar-B-Q, 228 F.3d 360 (4th Cir. 2000). Opposition, at 2-3. In fact, Mansfield uses Ball as an example of the split among circuits, and instead relies upon Lambert v. Genesee Hosp., 10 F.3d 46, 55 (2d Cir. 1993). Lambert found that the FLSA, unlike Title VII, prohibits retaliation for "three expressly enumerated types of conduct," none of which was alleged there, or is present here. Mansfield, 432 F. Supp. 2d at 74.

[2] Significantly, Rodriguez, decided after Benic, also did not discuss Benic when briefly addressing the circuit split regarding FLSA retaliation claims, noting that this issue was "one of first impression" in this Court. 338 F. Supp. 2d at 130.

Furthermore, Mr. Haile-Iyanu's reliance upon Valerio v. Putnam Assocs., Inc., 173 F.3d 35 (1st Cir. 1999), and Onken v. W.L. May Co., 300 F. Supp. 2d 1066 (D. Or. 2004), in his Opposition, is incorrect. Opposition, at 3. This Court criticized Valerio and refused to accept its holding that the FLSA retaliation provision protects an informal complaint. Mansfield, 432 F. Supp. 2d at 74. Moreover, the U.S. District Court for the District of Oregon's holding in Onken reasoned that the plaintiff engaged in protected activity when he "allegedly caused a particular employee to assert a wage claim" against his employer. Onken, 300 F. Supp. 2d at 1068. Clearly, Onken does not apply to the facts alleged in Mr. Haile-Iyanu's Complaint. As explained in Defendant's Motion, Mr. Haile-Iyanu alleges only that he presented an informal request to Defendant to pay overtime to his supervisees. Motion, at 4. This minimal conduct presented in the Complaint is not a protected activity under any sound interpretation of the FLSA.

    **C.**    **Plaintiff Attempts to Rely upon Speculation to Gain the Protection of the FLSA's Anti-Retaliation Provision.**

Section 215(a)(3) of the FLSA states, in relevant part, that it is unlawful for any person "to discharge . . . any employee because such employee . . . has testified or is about to testify in any such proceeding . . . ." 29 U.S.C. 215(a)(3). For the first time in his Opposition, Plaintiff alleges that Mr. Haile-Iyanu might have testified in other cases filed against Central Parking that might have been pending at the time Plaintiff allegedly requested overtime for his supervisees. Opposition, at 3-4. Although Plaintiff relies upon the speculative nature of his hypothetical testimony in order to bolster this new claim, Plaintiff's counsel was the counsel of record on each of the listed cases. If counsel is speculating, then Mr. Haile-Iyanu must have had no real role in the other cases.

Furthermore, this vague argument is misplaced and inappropriate for several reasons. First, not all of the listed cases were pending at the time Mr. Haile-Iyanu allegedly made his informal request for overtime payments for his supervisees. Opposition, at 4; see Complaint, ¶ 6. Second, Plaintiff relies on pure speculation to allege that discovery in the listed cases and "likely subsequent cases" would have revealed Mr. Haile-Iyanu's informal request. Opposition, at 4. Finally, contrary to Plaintiff's Opposition, it is not logical or reasonable to assume that Central Parking terminated Mr. Haile-Iyanu "to prevent him from . . . being identified in discovery as a witness who had knowledge of and would testify . . . ." Opposition, at 4-5. Former employees are identified in discovery virtually every day in this Court.

Finally, Plaintiff's claim for FLSA retaliation because of his hypothetical and indefinite testimony does not satisfy constitutional standing requirements. Plaintiff is not able to demonstrate standing in this situation because there is no "injury in fact." To show "injury in fact," Mr. Haile-Iyanu must allege facts sufficient to prove the existence of concrete, perceptible harm of a real, non-speculative nature. Va. State Corp. Comm. v. FERC, 468 F.3d 845, 847 (D.C. Cir. 2006) (finding that reliance on standing in the form of probabilistic injury requires a showing of "substantial probability" of the alleged injury). Moreover, as discussed in Ball v. Memphis Bar-B-Q, an individual does not gain the protection of the FLSA's anti-retaliation provision when his testimony has not been requested in connection with a pending FLSA proceeding. Ball, 228 F.3d at 364 (refusing to expand the FLSA's anti-retaliation provision to potential testimony in a future, but not-yet-filed, court proceeding). Mr. Haile-Iyanu's allegation in his Opposition that he was terminated because he "might" have been called to testify in a "possible" case involving Central Parking at "some" unspecified time is too speculative to form the basis of a claim for FLSA retaliation.

For the reasons stated above, and for the reasons stated in Defendant's Motion, the Court should dismiss Count I with prejudice.

### D. Plaintiff Presents No Relevant Facts or Law to Support His Claim for FMLA and/or DCFMLA Retaliation (Count II).

As explained in Defendant's Motion, Plaintiff cannot establish a *prima facie* case of retaliation under the FMLA and/or the DCFMLA because he alleges no facts in his Complaint to causally connect his use of FMLA/DCFMLA leave with his termination. Motion, at 5-6. Moreover, in his Opposition, Plaintiff offers no relevant case law to support his contention that he is entitled to the protection of the FMLA and/or the DCFMLA. See Opposition, at 6.

Rather, Plaintiff claims that discovery is necessary in order to create his case for FMLA and/or DCFMLA protection. See id. This is the proverbial request for a fishing expedition. Plaintiff had the opportunity to marshal the basic facts and form the framework of his case against Central Parking prior to filing his Complaint, but he chose not to do so until after Defendant filed its Motion. Discovery related to Plaintiff's unfounded claim for FMLA and/or DCFMLA retaliation would cause unnecessary expense to Defendant. This Court should not permit Mr. Haile-Iyanu to amend his defective Complaint on the chance that he might find "something." This is particularly true when he took one period of leave without incident and returned to work well before the termination.

Tellingly, Plaintiff does not argue against Defendant's point that Mr. Haile-Iyanu's claim for FMLA and/or DCFMLA retaliation should be dismissed based upon the speculative nature of his claim for *future* FMLA and/or DCFMLA leave. Opposition, at 6. Because Mr. Haile-Iyanu does not have standing to assert an injury with respect to his ability to take *future* medical leave,

Count II of his Complaint should be dismissed with prejudice. See <u>Va. State Corp. Comm. v. FERC</u>, 468 F.3d at 847. Under the circumstances, discovery or leave to amend would be futile.

**III.     Conclusion**

For the reasons stated above, and for the reasons stated in its Memorandum of Points and Authorities in Support of Defendant's Partial Motion to Dismiss, Central Parking respectfully requests that the Court dismiss Counts I, II and III of Plaintiff's Complaint with prejudice.

Dated:  April 23, 2007                             Respectfully submitted,


LITTLER MENDELSON


By: _____/s/_____
Joseph P. Harkins (DC Bar No. 394902)
Maria Perugini Baechli (DC Bar No. 445323)
1150 17th Street, N.W.
Suite 900
Washington, D.C. 20036
(202) 842-3400  Telephone
(202) 842-0011  Facsimile

Attorneys for Defendant
Central Parking System of Virginia, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April, 2007, a copy of the foregoing Defendant's Reply to Plaintiff's Opposition to Defendant's Partial Motion to Dismiss was served, electronically, via ECF filing, upon:

>Nils G. Peterson, Esquire
>2009 N. 14th Street
>Suite 708
>Arlington, VA 22201
>
>Counsel for Plaintiff Iyob Haile-Iyanu

>_____/s/_____
>Joseph P. Harkins