```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

|                              |   |                              |
|------------------------------|---|------------------------------|
| IYOB HAILE-IYANU,            | ) |                              |
|                              | ) |                              |
|     Plaintiff,               | ) |                              |
|                              | ) | Civil Action No. 06-2171(EGS)|
|     v.                       | ) |                              |
|                              | ) |                              |
| CENTRAL PARKING SYSTEM OF    | ) |                              |
| VIRGINIA, INC.,              | ) |                              |
|                              | ) |                              |
|     Defendant.               | ) |                              |

## MEMORANDUM OPINION

Plaintiff, Iyob Haile-Iyanu, brought this action against defendant, Central Parking System of Virginia, Inc., asserting violations of the Fair Labor Standards Act, the Family and Medical Leave Act, the D.C. Workers' Compensation Act, and 42 U.S.C. § 1983 related to the termination of his employment by defendant. Pending before the Court is defendant's partial motion to dismiss plaintiff's complaint for failure to state a claim on which relief can be granted with regard to the Fair Labor Standards Act, the Family and Medical Leave Act, and the D.C. Workers' Compensation Act claims. Upon consideration of the motion and supporting memorandum, the response and the reply thereto, the applicable law, and the entire record, the Court determines that plaintiff's D.C. Workers' Compensation Act must be dismissed. However, plaintiff has alleged sufficient facts to

support his Fair Labor Standards Act and Family and Medical Leave Act claims.  Therefore, for the reasons stated herein, defendant's partial motion to dismiss is **GRANTED in part and DENIED in part**.

### BACKGROUND

Plaintiff, Iyob Haile-Iyanu, is a former employee of defendant, Central Parking System of Virginia, Inc. ("Central Parking").[1]  Compl. ¶ 5.  Defendant is a Tennessee corporation registered to do business in the District of Columbia and is engaged in the provision of parking services.  *Id.* ¶¶ 2, 4.  Defendant terminated plaintiff from his employment as an area manager on September 12, 2006.  *Id.* ¶ 19.  In response to his termination, plaintiff filed his complaint with this Court on December 21, 2006.  Plaintiff claims defendant is liable for violations of the retaliation provision of the Fair Labor Standards Act ("FLSA") (Count I), the retaliation and interference provisions of the Family and Medical Leave Act ("FMLA") (Count II), and the retaliation provision of the D.C. Workers' Compensation Act ("D.C. WCA") (Count III), and for

---

[1]  In deciding a motion to dismiss, the Court must accept as true all factual allegations in the complaint.  *See Atchinson v. Dist. of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996).

unlawfully discriminating and retaliating under 42 U.S.C. § 1983 (Counts IV-V)[2].

With regard to plaintiff's FLSA claim, plaintiff sought overtime payment for the employees he supervised during 2005 and 2006.  Compl. ¶ 6.  Plaintiff did not file any formal legal complaints, but rather presented an informal request to defendant for proper overtime payment.  *Id.* ¶¶ 6, 8.  Defendant refused to pay the required overtime, and as a result of plaintiff's request for payment, defendant allegedly retaliated against him by terminating his employment.  *Id.* ¶¶ 6-9.

With regard to plaintiff's FMLA claim, plaintiff was injured on October 31, 2005, due to a work-related accident.  *Id.* ¶ 16.  As a result, plaintiff was treated for a herniated disk and took leave from work to take care of this injury.  *Id.* ¶¶ 16-17.  Plaintiff returned from leave but was still required to take intermittent leave for treatment.  *Id.* ¶ 18.  Plaintiff informed defendant of the need for such leave and further treatment.  *Id.*  Defendant allegedly terminated plaintiff for taking leave and in order to interfere with his right to take future leave.  *Id.* ¶ 22.

With regard to plaintiff's D.C. WCA claim, plaintiff inquired of defendant about compensation for his workplace

---

[2] Plaintiff's section 1983 claims are not at issue in the pending partial motion to dismiss.

injury. *Id.* ¶¶ 30-31. Plaintiff was terminated from his employment shortly after inquiring about workers' compensation. *Id.*

On February 13, 2007, defendant filed its partial motion to dismiss the complaint with regard to plaintiff's FLSA, FMLA, and D.C. WCA claims. On April 13, 2007, plaintiff filed his opposition to defendant's partial motion to dismiss arguing that he had stated valid FLSA and FMLA claims, but agreeing that his D.C. WCA claim should be dismissed.

## STANDARD of REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must present "enough facts to state a claim to relief that is plausible on its face," and "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 1974 (2007). The Court will accept as true all factual allegations in the complaint, and give the plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See id.* at 1965; *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996).

## ANALYSIS

### I. Plaintiff's FLSA Claim

In order to establish a retaliation claim under the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3), a

4

plaintiff must show that "she engaged in protected expression." *Scott v. Sunrise Healthcare Corp.*, 195 F.3d 938, 940 (7th Cir. 1999). The anti-retaliation provision states that it is unlawful for any person "to discharge . . . any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3). Defendant moves to dismiss plaintiff's FLSA claim, arguing that his informal request is not a statutorily protected activity.

A minority of federal courts, including the Second and Fourth circuits, have held that the FLSA does not protect informal[3] complaints and is limited to complaints "in the context of formal legal actions." *Mansfield v. Billington*, 432 F. Supp. 2d 64, 74 (D.D.C. 2006); *see Lambert v. Genesee Hosp.*, 10 F.3d 46, 55 (2d Cir. 1993) (holding § 215 is limited to formal complaints); *Ball v. Memphis Bar-B-Q Co.*, 228 F.3d 360, 363-65 (4th Cir. 2000) (same). The Second and Fourth Circuits reason that the FLSA's language is "plain and unambiguous" and "[t]he plain language of [§ 215(a)(3)] limits the cause of action to retaliation for filing formal complaints, instituting a

---

[3] Courts use "informal" and "internal" interchangeably to describe the type of complaints at issue. *Compare Lambert v. Ackerley*, 180 F.3d 997, 1003 (9th Cir. 1999) (holding "informal" complaints covered by the FLSA), *with Valerio v. Putnam Assocs. Inc.*, 173 F.3d 35, 43 (1st Cir. 1999) (holding "internal" complaints covered by the FLSA). This Court refers to the complaints at issue as "informal."

proceeding, or testifying." *Lambert v. Genesee Hosp.*, 10 F.3d at 55; *see Ball*, 228 F.3d at 363-65.  These courts, therefore, hold that the FLSA does not protect informal complaints made to a supervisor because "the intent of Congress is clear" and "that is the end of the matter."  *Lambert v. Genesee Hosp.*, 10 F.3d at 55.

In addition, courts support this narrow interpretation of the FLSA by comparing the FLSA to Title VII of the Civil Rights Act ("Title VII").  *See Mansfield*, 432 F. Supp. 2d at 74.  Title VII "protects employees who have 'opposed any practice made an unlawful employment practice by this subchapter.'" *Id.* (citing 42 U.S.C. § 2000e-3(a)).  The broad "opposition" clause of Title VII encompasses complaints made to supervisors in addition to any formal complaints.  *Kotcher v. Rosa & Sullivan Appliance Ctr., Inc.*, 957 F.2d 59, 65 (2d Cir. 1992).  The court in *Mansfield* argued that by comparison, the FLSA provision does not contain a broad "opposition" clause that is "markedly more inclusive than the language of [§ 215(a)(3)] which protects the filing of 'any complaint' in the context of specific formal actions." *Mansfield*, 432 F. Supp. 2d at 74; *but see Lambert v. Ackerley*, 180 F.3d 997, 1005 (9th Cir. 1999) (reasoning that Title VII's anti-retaliation provision should not dictate the construction given to the FLSA's anti-retaliation provision).

The clear majority of circuits, however, including the First, Third, Sixth, Eighth, Ninth, Tenth and Eleventh, have held

that informal complaints to an employer qualify as a protected expression under the FLSA.  *See Valerio v. Putnam Associates Inc.*, 173 F.3d 35 (1st Cir. 1999); *Brock v. Richardson*, 812 F.2d 121 (3d Cir. 1987); *EEOC v. Romeo Cmty. Schools*, 976 F.2d 985 (6th Cir. 1992); *Brennan v. Maxey's Yamaha, Inc.*, 513 F.2d 179 (8th Cir. 1975); *Lambert v. Ackerley*, 180 F.3d 997 (9th Cir. 1999); *Love v. RE/MAX of America, Inc.*, 738 F.2d 383 (10th Cir. 1984); *EEOC v. White & Son Enters.*, 881 F.2d 1006 (11th Cir. 1989).[4]  Though there are differing rationales for the inclusion of informal complaints, most circuits have based their holdings on the statutory language, the remedial nature of the FLSA, and a comparison of the FLSA's anti-retaliation provision with other anti-retaliation statutes.  *See, e.g.*, *Lambert v. Ackerley*, 180 F.3d at 1003-07.  Upon consideration of the arguments for and against the protection of informal complaints under the FLSA, this Court finds the reasoning of the majority of circuits

---

[4] In addition, the First Circuit has noted that the EEOC's Compliance Manual states, "[t]he prohibition against retaliation extends not only to an employee who has asserted a statutory right under the FLSA but to an employee who has opposed unequal pay, even if the employee has not filed a complaint or instituted a proceeding."  *Valerio*, 173 F.3d at 43 (citing EEOC Compliance Manual § 704.3, at 4535 (1998)).  However, even courts arguing for an interpretation of the FLSA that includes informal complaints have been unwilling to defer to the EEOC Compliance Manual.  *See Valerio*, 173 F.3d at 43 (reasoning that the EEOC Compliance Manual may not be the "appropriate vehicle" for the EEOC's interpretation of the FLSA and the Compliance Manual may merely be based on a "reading of judicial precedent . . . as opposed to the agency's own interpretation.").

persuasive and holds that the anti-retaliation provision of the FLSA, § 215(a)(3), protects informal complaints.

Addressing first the language of § 215(a)(3), the Court finds that contrary to arguments that § 215(a)(3) is unambiguous, the phrase "has filed any complaint" is open to differing interpretations. *See Valerio*, 173 F.3d at 41. To begin, the word "complaint" has been defined as an "act or action of expressing protest, censure, or resentment" or as a "formal allegation or charge against a party made or presented to the appropriate court or officer." *Id*. (citing Webster's Third New Int'l Dictionary 464 (1971)). Since § 215(a)(3) does not specify that complaints must be filed with a court or agency, "Congress left open the possibility that it intended 'complaint' to relate to less formal expressions of protest, censure, resentment, or injustice conveyed to an employer." *Id.* Furthermore, the inclusion of the word "any" in "filed any complaint" "embraces all types of complaints, including those that might be filed with an employer." *Id.* at 42.

In addition, if "filed any complaint" was only meant to pertain to formal legal actions, then it would appear as if "or instituted or caused to be instituted any proceeding under or related to this chapter" would be rendered mere surplusage. *See id.* (reasoning "[t]he latter words ['or instituted or caused to be instituted any proceeding'] become surplusage if the former

8

['filed any complaint'] means only the filing of in-court or in-agency complaints"). As stated in *Bailey v. United States*, 516 U.S. 137 (1995), when engaged in statutory interpretation, courts may "assume that Congress used two terms because it intended each term to have a particular, nonsuperfluous meaning." *Id*. at 146. Accordingly, the inclusion of informal complaints creates a meaningful distinction between the two clauses of the FLSA's anti-retaliation provision. *See Valerio*, 173 F.3d at 42.

Furthermore, with respect to the nature of the FLSA, the Supreme Court has explained that the FLSA is remedial and must be interpreted broadly. *Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 23*, 321 U.S. 590, 597 (1944) (explaining that the FLSA is "remedial and humanitarian in purpose . . . [and] [s]uch a statute must not be interpreted or applied in a narrow, grudging manner"). The Supreme Court has also indicated that the purpose of the anti-retaliation provision of the FLSA is to encourage employees to report violations to their employers. *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292-93 (1960). As such, a narrow interpretation of the FLSA barring protection for informal complaints would be contrary to the purpose of the FLSA as expressed by the Supreme Court and would "have the bizarre effect both of discouraging early settlement attempts and creating an incentive for the employer to fire an employee as

9

soon as possible after learning the employee believed he was being treated illegally." *Valerio*, 173 F.3d at 43.

A broad interpretation of the FLSA including informal complaints also falls in line with "routine construction given similar anti-retaliation provisions" including the Federal Mine Health and Safety Act ("FMHSA"), the Clean Water Act, and the Surface Transportation Assistance Act among others.  *See Lambert v. Ackerley*, 180 F.3d at 1006 (noting informal complaints are commonly included in other similar anti-retaliation provisions). Moreover, the argument that Title VII's anti-retaliation provision should dictate a narrower scope of the FLSA's anti-retaliation provision is unpersuasive.  *See id.* at 1005.  The FLSA was drafted in 1938, and "[t]he fact that Congress decided to include a more detailed anti-retaliation provision more than a generation later, when it drafted Title VII, tells . . . little about what Congress meant at the time it drafted the comparable provision of the FLSA."  *Id.*

Although the D.C. Circuit has not addressed the issue of whether informal complaints are protected by the FLSA, it has addressed whether informal complaints are protected in a similar anti-retaliation provision of the FMHSA.  *See id.* (citing *Phillips v. Interior Bd. of Mine Operations Appeals*, 500 F.2d 772 (D.C. Cir. 1974)).  The FMHSA, as it existed at the time of the *Phillips* decision, provided that "[n]o person shall

discharge . . . any miner or any authorized representative . . . [who] has filed, instituted, or caused to be filed or instituted any proceeding under this chapter." 30 U.S.C. § 820(b)(1) (1970) (current version at 30 U.S.C. § 815(c)(1) (2007)). In *Phillips*, the D.C. Circuit stressed that the remedial nature of the statute required a broad interpretation and held that the anti-retaliation provision of the FMHSA covers informal complaints to employers. *Phillips*, 500 F.2d at 782-83. Because the D.C. Circuit interpreted the anti-retaliation provision of the FMHSA broadly to protect informal complaints, and because the language of the anti-retaliation provision of the FMHSA as it existed at the time of the *Phillips* decision is similar to § 215(a)(3), the Court's holding that § 215(a)(3) protects informal complaints is consistent with D.C. Circuit precedent. *See id.*; *Lambert v. Ackerley*, 180 F.3d at 1007.

By holding that § 215(a)(3) of the FLSA protects informal complaints, the Court follows a "course well tread" by federal circuit courts. *Lambert v. Ackerley*, 180 F.3d at 1007. As plaintiff's informal request to defendant is protected under the FLSA, plaintiff's FLSA claim survives defendant's partial motion to dismiss.[5]

---

[5] Two additional issues that were not raised in the partial motion to dismiss were discussed in the opposition to the motion and the reply: (1) whether the FLSA covers actions taken on behalf of other employees; and (2) whether, even if plaintiff's internal complaint is not protected, plaintiff still has an FLSA

11

**II. Plaintiff's FMLA Retaliation Claim**

In order to establish a prima facie case of retaliation under the FMLA, 29 U.S.C. § 2615(a)(2), a plaintiff must establish three elements: (1) the plaintiff "engaged in a protected activity"; (2) the employer "took an action that a reasonable employee would have found materially adverse"; and (3) "there exists a causal connection between the protected activity and the adverse action." *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007). Defendant moves to dismiss plaintiff's FMLA retaliation claim, arguing that plaintiff cannot establish the necessary causal connection.

Temporal proximity is generally a relevant factor to be considered in determining a causal connection. *See Brungart v. BellSouth Telecomms, Inc.*, 231 F.3d 791, 799 (11th Cir. 2000) (explaining general rule that close temporal proximity between employee's protected activity and employer's adverse action is sufficient to create genuine issue of material fact as to causal connection); *see also Bechtel Constr. Co. v. Sec'y of Labor*, 50 F.3d 926, 934 (11th Cir. 1995) (explaining "[p]roximity in time

---

claim pursuant to the testimony prong of § 215(a)(3). As to the first issue, it was not raised in defendant's partial motion to dismiss, and accordingly, this Court will not address it. *See Presbyterian Med. Ctr. Of the Univ. Of Pa. Health Sys. v. Shalala*, 170 F.3d 1146, 1152 (D.C. Cir. 1999) (stating that a court need not consider an argument first raised in a reply brief). As to the second issue, the Court need not address it because the Court finds that plaintiff's informal complaint is protected by the FLSA.

is sufficient to raise an inference of causation"). The Supreme Court indicated in *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268 (2001), that in order to establish a causal connection, the temporal proximity between the protected activity and the adverse action must be "very close." *Id*. at 273. Federal courts have differed on their interpretations of what is close temporal proximity. Some courts have held that a three or four month period between the adverse action and protected activity is insufficient for a causal connection although other federal courts have held that eight or thirteen month time periods were not too temporally disconnected to establish causation. *Compare Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (indicating three month period, standing alone, insufficient to establish causation), *with Grant v. Bethlehem Steel Corp.*, 622 F.2d 43, 45-46 (2d Cir. 1980) (indicating eight month gap between complaint and retaliatory action suggested a causal relationship).

Defendant notes that plaintiff was injured on October 31, 2005, took leave for his injury, and was then terminated on September 12, 2006. Defendant argues that this gap is insufficient to establish the required causal connection. Plaintiff, however, asserts in his complaint that after his accident on October 31, 2005, he was required to take leave, and "when [he] returned to work he was required to take intermittent

leave for his serious medical condition and informed [d]efendant of the need for such leave and the need for further treatment." Compl. ¶¶ 16-18.  Plaintiff then alleges that defendant's reason for termination, "improper placement of a key," was fabricated, and he was in fact "terminated for having taken medical leave." Compl. ¶¶ 19, 22.  Plaintiff neither specifies the duration of the leave following his injury on October 31, 2005, nor the date and duration of the intermittent leave taken after returning to work.  Nonetheless, at the very least, plaintiff was terminated less than 11 months after his original leave for a herniated disk.  Moreover, the temporal proximity between the intermittent leave and the termination is unclear from the complaint, but must have been even less than 11 months.  Accordingly, because plaintiff has alleged that defendant's reason for termination was a fabrication and that he was terminated for taking medical leave, at the very least within 11 months after taking medical leave, plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face," and "above the speculative level."  See *Twombly*, 127 S. Ct. at 1965, 1974.  Plaintiff's FMLA retaliation claim, therefore, survives defendant's partial motion to dismiss.

### III. Plaintiff's FMLA Interference Claim

The FMLA recognizes two types of claims for alleged violations of the act: interference claims under § 2615(a)(1) and

retaliation claims under § 2615(a)(2). *Price v. Washington Hosp. Ctr.*, 321 F. Supp. 2d 38, 45-46 (D.D.C. 2004). Interference claims arise when an employer "interfere[s]" with an individual's exercise of or attempt to exercise any right provided by the act, 29 U.S.C. § 2615(a)(1), whereas retaliation claims arise when an employer discriminates against an individual for opposing a practice made unlawful by the act, 29 U.S.C. § 2615(a)(2).

In order to establish an interference claim under 29 U.S.C. § 2615(a)(1) of the FMLA, a plaintiff must prove five elements: (1) the plaintiff is an "[e]ligible employee"; (2) the defendant is an "[e]mployer"; (3) the plaintiff was entitled to take leave; (4) the plaintiff provided the defendant notice of his or her intention to take leave; and (5) the defendant interfered with the plaintiff's right to take leave. 29 U.S.C. §§ 2611, 2612, 2615; *Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 719 (6th Cir. 2003). Defendant moves this Court to dismiss plaintiff's FMLA interference claim, arguing that the right to take future leave is not protected under the FMLA.

The FMLA requires a plaintiff to provide an employer with sufficient notice of an intent to take leave. 29 U.S.C. § 2612(e)(1). The FMLA covers both foreseeable leave and unforeseeable leave. 29 C.F.R. §§ 825.302, 825.303. As such, an employee avails herself of a protected right when she informs her employer of the need for leave. *Cavin*, 346 F.3d at 723.

Plaintiff asserts that when he returned to work from his work-related herniated disk injury, he "was required to take intermittent leave for his serious medical condition and informed [d]efendant of the need for such leave and the need for further treatment."  Compl. ¶ 18.  Plaintiff alleges that defendant "terminated [p]laintiff for having taken medical leave and in order to interfere with [p]laintiff's rights to future medical leave under the FMLA."  *Id*. ¶ 22.  Accordingly, because plaintiff asserts that he informed defendant of the need for intermittent leave and was terminated by defendant to prevent him from taking future leave, plaintiff's complaint alleges the necessary requirements for an FMLA interference claim.  *See Cavin*, 346 F.3d at 723.  Plaintiff's FMLA interference claim, therefore, survives defendant's partial motion to dismiss.

**IV.  Plaintiff's D.C. WCA Claim**

Defendant moves this Court to dismiss plaintiff's D.C. WCA claim because the D.C. WCA provides the exclusive procedure and remedy for claims arising out of workplace injuries, including claims of retaliation.  Defendant notes that plaintiff did not pursue his administrative remedies under the D.C. WCA, and even if he did, this Court is the incorrect forum for judicial review.  *See Lytes v. D.C. Water and Sewer Auth.*, No. 05-402, 2006 WL 890005, at *7 (D.D.C. Mar. 30, 2006).  Plaintiff agrees that this claim should be dismissed from this action.  Accordingly,

defendant's partial motion to dismiss is granted with respect to plaintiff's D.C. WCA claim.

## CONCLUSION

Because both plaintiff and defendant agree that plaintiff's D.C. WCA claim (Count III) should be dismissed, defendant's partial motion to dismiss is **GRANTED in part**, with respect to this claim.  However, plaintiff has stated valid claims under the FLSA (Count I) and FMLA (Count II).  Accordingly, defendant's partial motion to dismiss is **DENIED in part**, with respect to these claims.  An appropriate Order accompanies this Memorandum Opinion.


**Signed:    Emmet G. Sullivan**
            **United States District Judge**
            **July 5, 2007**