UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IYOB HAILE-IYANU,<br><br>      Plaintiff,<br><br>      v.<br><br>CENTRAL PARKING SYSTEM OF VIRGINIA, INC.,<br><br>      Defendant. | Case No. 1:06-cv-02171-EGS |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. Pro. 12(a)(4)(A) and the Court's July 5, 2007 Order, granting in part and denying in part Defendant's Partial Motion to Dismiss, Defendant, Central Parking System of Virginia, Inc. ("Defendant" or "Central Parking"), by and through its undersigned counsel, hereby submits this Answer and Affirmative Defenses to the Complaint ("Complaint") of Plaintiff Iyob Haile-Iyanu ("Plaintiff" or "Mr. Haile-Iyanu").

### ANSWER

Defendant answers below the allegations in Plaintiff's Complaint in paragraphs that correspond to the paragraphs in Plaintiff's Complaint, without waiving the subsequent additional defenses. Defendant denies all allegations in the Complaint not specifically admitted herein.

### PARTIES

1.    Defendant admits, upon information and belief, that Plaintiff is a resident of Virginia. Defendant admits the remaining allegations in paragraph 1 of Plaintiff's Complaint.

2.    Defendant denies the allegations in paragraph 2 of Plaintiff's Complaint.

## **JURISDICTION**

3. The allegations contained in paragraph 3 of Plaintiff's Complaint constitute legal conclusions, the validity of which Defendant is not required to admit or deny.

## **COUNT I**

## **TERMINATION IN VIOLATION OF FLSA**

4. Defendant admits that it was and is engaged in the provision of parking services in the District of Columbia and the metropolitan area. The remaining allegations in paragraph 4 of Plaintiff's Complaint constitute legal conclusions, the validity of which Defendant is not required to admit or deny.

5. Defendant admits the allegations contained in paragraph 5 of Plaintiff's Complaint as to the appropriate time period of Plaintiff's employment.

6. Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendant admits that Plaintiff purports to seek liquidated damages, but denies that he is entitled to them. Defendant denies the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

## **COUNT II**

## **VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

10. Defendant incorporates its responses to paragraphs 1-9 of Plaintiff's Complaint as

if set forth in full herein.

11. Defendant admits that Plaintiff purports to bring this action under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, and the District of Columbia Family and Medical Leave Act, D.C. Code § 32-501, *et seq.*, as alleged in paragraph 11 of Plaintiff's Complaint, but denies that he is entitled to do so.

12. The allegations in paragraph 12 of Plaintiff's Complaint constitute legal conclusions, the validity of which Defendant is not required to admit or deny.

13. Defendant admits that it employed 50 or more employees. The remaining allegations in paragraph 13 of Plaintiff's Complaint constitute legal conclusions, the validity of which Defendant is not required to admit or deny.

14. Defendant admits that Plaintiff was employed to work full time by Defendant for approximately four years. The remaining allegations in paragraph 14 of Plaintiff's Complaint constitute legal conclusions, the validity of which Defendant is not required to admit or deny.

15. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant admits that Plaintiff was injured on or about October 31, 2005 due to a work-related accident. Defendant admits, upon information and belief, the remaining allegations in paragraph 16 of Plaintiff's Complaint.

17. Defendant admits the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant admits that Plaintiff was terminated on or about September 12, 2006.

Defendant denies the remaining allegations contained in paragraph 19 of Plaintiff's Complaint.

20.   The allegations in paragraph 20 of Plaintiff's Complaint constitute legal conclusions, the validity of which Defendant is not required to admit or deny.

21.   Defendant admits that Plaintiff was terminated. Defendant denies the remaining allegations contained in paragraph 21 of Plaintiff's Complaint.

22.   Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.   Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.   Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.   Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.   Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.   Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

Defendant denies that Plaintiff is entitled to the relief sought in the "Wherefore" paragraph of Count II of the Complaint

## COUNT III

### RETALIATION UNDER D.C. CODE SECTION 32-1542

(Paragraphs 28-33: This Count was dismissed by the Court Order of July 5, 2007.)

## COUNT IV

## **RACIAL DISCRIMINATION**

34. The allegations in paragraph 34 of Plaintiff's Complaint constitute legal conclusions, the validity of which Defendant is not required to admit or deny.

35. Defendant incorporates its responses to paragraphs 1-34 of Plaintiff's Complaint as if set forth in full herein.

36. Defendant admits, upon information and belief, that Plaintiff is of African heritage. Defendant denies the remaining allegations of paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

Defendant denies that Plaintiff is entitled to the relief sought in the "Wherefore" paragraph of Count IV of the Complaint.

## COUNT V

## **RETALIATION**

40. Defendant incorporates its responses to paragraphs 1-39 of Plaintiff's Complaint as if set forth in full herein.

41. Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations contained in paragraph 42 of Plaintiff's

Complaint.

43. Defendant denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations contained in paragraph 45 of Plaintiff's Complaint

Defendant denies that Plaintiff is entitled to the relief sought in the "Wherefore" paragraph of Count V of the Complaint.

## JURY DEMAND

Defendant admits that Plaintiff demands a jury trial, but denies that he is entitled to one.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### THIRD DEFENSE

Plaintiff has committed acts and omissions which cause Plaintiff's claims to be barred, in whole or in part, by the doctrine of unclean hands, barring equitable relief.

### FOURTH DEFENSE

All actions taken by Defendant, its representatives and employees, with respect to Plaintiff's employment, and the terms and conditions of his employment, were taken for legitimate, non-discriminatory and non-retaliatory reasons.

## FIFTH DEFENSE

Defendant at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that its actions did not violate the FLSA.

## SIXTH DEFENSE

Defendant asserts a lack of willfulness to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages.

## SEVENTH DEFENSE

Defendant did not interfere with Plaintiff's rights under the Family and Medical Leave Act.

## EIGHTH DEFENSE

Plaintiff's termination was not unlawful because it was based on legitimate, non-discriminatory and non-retaliatory factors other than Plaintiff's leave under the Family and Medical Leave Act.

## NINTH DEFENSE

Defendant at all times acted in good faith and had reasonable grounds for believing that any acts or omissions were not in violation of the Family and Medical Leave Act.

## TENTH DEFENSE

Defendant did not in any way retaliate against Plaintiff for opposing conduct made unlawful by the Family and Medical Leave Act or because Plaintiff exercised or proposed to exercise any rights under the Family and Medical Leave Act.

## ELEVENTH DEFENSE

Defendants did not treat Plaintiff differently from other similarly-situated employees on the basis of his race.

## TWELFTH DEFENSE

Any actions taken by Defendants with respect to Plaintiff were taken for legitimate, non-discriminatory business reasons, and not because of Plaintiff's race.

## THIRTEENTH DEFENSE

Defendants did not take any materially adverse employment action against Plaintiff, and did not in any way retaliate against Plaintiff for opposing conduct made unlawful by the Civil Rights Act of 1871, 42 U.S.C. § 1981.

## FOURTEENTH DEFENSE

Plaintiff's claims and/or damages are barred on the grounds that even if any decision concerning Plaintiff was based, in part, on grounds of unlawful retaliation, Defendant would have reached the same decision, absent any alleged retaliation.

## FIFTEENTH DEFENSE

Any compensatory and punitive damages to which Plaintiff is entitled are capped pursuant to 42 U.S.C. §1981a.

## SIXTEENTH DEFENSE

Plaintiff's claims against Defendant are barred because no acts or omissions of Defendant proximately caused any damages allegedly sustained by Plaintiff.

## SEVENTEENTH DEFENSE

Plaintiff's damages, if any, in whole or in part, must be reduced by any income or benefits received by Plaintiff since his termination by Defendant, or to the extent that he has otherwise failed to exercise reasonable diligence in mitigating his damages.

## EIGHTEENTH DEFENSE

Insofar as Plaintiff alleges claims for physical or mental distress, including claims for

recovery of any medical expenses, such claims are barred by the exclusive-remedy provisions of the District of Columbia Workers' Compensation Act.

### NINETEENTH DEFENSE

Plaintiff is not entitled to recover attorneys' fees or costs.

### TWENTIETH DEFENSE

Defendant's conduct was not reckless, malicious, willful, or grossly negligent, and any alleged unlawful acts by Defendant's managing agents would have been contrary to Defendant's good faith efforts to comply with the law; consequently, Plaintiff is not entitled to exemplary or punitive damages.

### TWENTY-FIRST DEFENSE

Because no discovery has been taken at this stage of the case, Defendant reserves the right to file and serve additional defenses, as appropriate.

**WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:  (a) for an order dismissing Plaintiff's claims with prejudice, and entering judgment in favor of Defendant and against Plaintiff; (b) for all costs and disbursements incurred by Defendant in connection with the defense of this matter, and; (c) for such other relief, as the Court in the exercise of its discretion, deems just and proper.

Dated: July 20, 2007               Respectfully submitted,

                                  LITTLER MENDELSON


                        By: _____/s/_____
                            Joseph P. Harkins (DC Bar No. 394902)
                            Katherine E. Bierma Pregel (DC Bar No. 486615)
                            1150 17th Street, N.W.
                            Suite 900
                            Washington, D.C. 20036
                            (202) 842-3400  Telephone
                            (202) 842-0011  Facsimile

                            Attorneys for Defendant
                            Central Parking System of Virginia, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2007, a true and accurate copy of the foregoing Answer and Affirmative Defenses of Defendant was served was served, electronically, via ECF filing, upon:

>Nils G. Peterson, Esquire
>2009 N. 14th Street
>Suite 708
>Arlington, VA 22201
>
>Counsel for Plaintiff Iyob Haile-Iyanu

_____/s/_____
Joseph P. Harkins