# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

IYOB HAILE-IYANU,

        Plaintiff,

      v.

CENTRAL PARKING SYSTEM OF
VIRGINIA, INC.,

        Defendant.

Case No. 1:06-cv-02171-EGS

## JOINT MEET AND CONFER STATEMENT

Pursuant to the Court's Order of July 20, 2007, Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3, Plaintiff Iyob Haile-Iyanu and Defendant Central Parking System of Virginia, Inc., by and through counsel, hereby submit this Report regarding their planning meeting. Nils Peterson, counsel for Plaintiff, and Katherine E. Bierma Pregel, counsel for Defendant, participated in a telephone conference on August 20, 2007 to discuss the matters required by the rules.

1.     <u>Local Civil Rule 16.3(c)(1)</u>

Plaintiff believes discovery will yield evidence that relief is merited and that the case will not be resolved by dispositive motion.

Defendant believes that the case is likely to be disposed of by dispositive motion. If appropriate, based upon the evidence obtained during discovery, Defendant anticipates filing a Motion for Summary Judgment after the close of discovery.

2.      Local Civil Rule 16.3(c)(2)

The parties believe that, if appropriate, any other parties should be joined and pleadings should be amended within 30 days. The parties also believe that none of the factual or legal issues can be agreed upon or narrowed at this time, absent discovery.

3.      Local Civil Rule 16.3(c)(3)

The parties believe that the case should not be assigned to a magistrate judge.

4.      Local Civil Rule 16.3(c)(4)

At this early stage in the litigation, the parties cannot determine if settlement is a realistic possibility.

5.      Local Civil Rule 16.3(c)(5)

It is unclear at this early stage in the litigation whether alternative dispute resolution procedures would be beneficial. The parties have agreed to keep ADR procedures, such as mediation, under consideration.

6.      Local Civil Rule 16.3(c)(6)

Defendant believes that the case can be resolved by Motion for Summary Judgment. The parties propose the following deadlines:

    a.      Dispositive motion should be filed thirty (30) days after the close of discovery, which would be by March 31, 2008.

    b.      Oppositions to dispositive motions should be filed thirty (30) days thereafter, which would be by April 30, 2008.

    c.      Replies to oppositions to dispositive motions should be filed fourteen (14) days after oppositions to dispositive motions, which would be by May 14, 2008.

- 2 -

7.    Local Civil Rule 16.3(c)(7)

The parties believe that no changes should be made in the scope, form, or timing of the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1).

Initial disclosures will be made by September 14, 2007, as required by Local Civil Rule 26.2(a).

8.    Local Civil Rule 16.3(c)(8)

The parties anticipate that discovery will be needed on at least the following subjects: 1) Plaintiff's employment history; 2) Plaintiff's physical health prior to and following his employment with Defendant; 3) Plaintiff's employment since he worked for Defendant; 4) Plaintiff's alleged damages; and 5) other facts related to Plaintiff's allegations.

The parties propose that the discovery period begin on September 7, 2007, and close on March 1, 2008.

The parties believe that it is not necessary to place any limitations on discovery in addition to the limitations of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. The parties have agreed that they shall each be limited to a maximum of 25 interrogatories and 10 depositions.

9.    Local Civil Rule 16.3(c)(9)

The parties have agreed to exchange expert witness reports, if any, not later than thirty (30) days before the close of discovery, which would be by January 31, 2008. The parties further agree that expert witnesses on any subject concerning liability shall be made available for deposition prior to the close of the discovery period. Expert witnesses on the issue of damages shall be made available for deposition within thirty (30) days after dispositive motions are decided.

10.    Local Civil Rule 16.3(c)(10)

Not applicable.

11.    Local Civil Rule 16.3(c)(11)

The parties do not believe that discovery or trial needs to be bifurcated.

12.    Local Civil Rule 16.3(c)(12)

The parties propose that the pretrial conference be scheduled thirty (30) to sixty (60) days after the Court's decision on dispositive motions.

13.    Local Civil Rule 16.3(c)(13)

The parties believe that the Court should decide when a firm trial date should be set, in accordance with the provisions above.

14.    Parties' Brief Statements of the Case

Plaintiff's Statement

Plaintiff was a management employee for Defendant.  Plaintiff's Complaint alleges that he is of Ethiopian heritage and complained about being paid less than white employees performing the same job; after complaining about being paid less than white employees, Plaintiff was terminated. The Complaint also alleges that Plaintiff was injured on the job, and after returning from medical leave, he was terminated in order to interfere with future medical leave and in retaliation for taking such leave.  Finally, Plaintiff alleges that he complained to management that employees that he supervised were not paid for all overtime hours worked and such complaints led to his termination.

Defendant's Statement

Plaintiff was employed by Defendant as an Area Manager from 2001 to 2006.  Defendant terminated Plaintiff's employment for legitimate, nondiscriminatory and nonretaliatory reasons,

which rebut each of Plaintiff's claims. Specifically, Plaintiff was terminated for violation of Company policy.

      15.    <u>Statutory Bases for Claims and Defenses</u>

      Plaintiff has brought this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, the District of Columbia Family and Medical Leave Act ("D.C. FMLA"), D.C. Code § 32-501, *et seq.*, the Civil Rights Act of 1871 ("Section 1981"), 42 U.S.C. § 1981.[1] Defendant's defenses are grounded in these same statutes.

      Pursuant to Local Rule 16.3(d), the parties also file contemporaneously herewith their Proposed Scheduling Order.

Respectfully submitted,

Dated: August 29, 2007          /s/ Nils G. Peterson
                           Nils G. Peterson, Esquire
                           2009 N. 14th Street
                           Suite 708
                           Arlington, VA 22201
                           (703) 527-9900 Telephone
                           (703) 522-1250 Facsimile

                           Counsel for Plaintiff Iyob Haile-Iyanu

---

[1] Plaintiff also brought a claim under D.C. Code § 32-1542. However, this claim was dismissed by the Court on July 5, 2007.

Dated: August 29, 2007

/s/ Katherine E. Bierma Pregel
Joseph P. Harkins (DC Bar No. 394902)
Katherine E. Bierma Pregel (DC Bar No. 486615)
LITTLER MENDELSON, P.C.
1150 17th Street, N.W.
Suite 900
Washington, DC 20036
(202) 842-3400 Telephone
(202) 842-0011 Facsimile

Counsel for Defendant
Central Parking System of Virginia, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IYOB HAILE-IYANU,

        **Plaintiff,**

        v.

**CENTRAL PARKING SYSTEM OF
VIRGINIA, INC.,**

        **Defendant.**

Case No. 1:06-cv-02171-EGS

## PLAINTIFF'S AND DEFENDANTS' JOINT PROPOSED SCHEDULING ORDER

Upon consideration of the Plaintiff's and Defendants' Joint Local Civil Rule 16.3 Report, it is hereby

ORDERED that:

1.    This case shall proceed with the following deadlines:

| | |
|---|---|
| Amend Complaint/Join Parties | September 30, 2007 |
| Exchange of Expert Witness Reports | January 31, 2008 |
| Discovery closed | March 1, 2008 |
| Dispositive Motions | March 31, 2008 |
| Oppositions to Dispositive Motions | April 30, 2008 |
| Replies to Oppositions to Dispositive Motions | May 14, 2008 |

2.    Each party is limited to a maximum of 25 interrogatories and each side is limited to a maximum of 10 depositions.

SIGNED this _____ day of _____, 2007.


_____
Hon. Emmet G. Sullivan
United States District Judge

Copies to:

Nils G. Peterson, Esquire
2009 N. 14th Street
Suite 708
Arlington, VA 22201

Counsel for Plaintiff
Iyob Haile-Iyanu


Joseph P. Harkins (DC Bar No. 394902)
Katherine E. Bierma Pregel (DC Bar No. 486615)
LITTLER MENDELSON, P.C.
1150 17th Street, N.W.
Suite 900
Washington, D.C. 20036

Counsel for Defendant
Central Parking System of Virginia, Inc.