UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IYOB HAILE-IYANU,

        Plaintiff,

        v.

CENTRAL PARKING SYSTEM OF
VIRGINIA, INC.,

        Defendant.

Case No. 1:06-cv-02171-EGS

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S
## MOTION TO ALLOW AMENDMENT OF COMPLAINT

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Defendant Central Parking System of Virginia, Inc. ("Defendant"), through undersigned counsel, hereby submits its Opposition to Plaintiff's Motion to Allow Amendment of Complaint.

**I.**    **INTRODUCTION**

Plaintiff filed his initial Complaint on December 21, 2006 alleging termination in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215, violation of the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq., and the District of Columbia Family and Medical Leave Act ("DC FMLA"), D.C. Code § 32-501, et seq., violation of the District of Columbia Workers' Compensation law, race discrimination in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1981 ("Section 1981"), and retaliation in violation of Section 1981. On February 13, 2007, Defendant moved to dismiss Plaintiff's FLSA, FMLA, DC FMLA and Workers' Compensation claims. On July 5, 2007, the Court granted Defendant's Motion to Dismiss Plaintiff's Workers' Compensation claims, but denied Defendant's Motion to

Dismiss the other claims.  Defendant filed an Answer to Plaintiff's Complaint on July 17, 2007.

On September 28, 2007, more than two months after Defendant answered Plaintiff's Complaint and after the parties began initial disclosures and discovery, Plaintiff filed the instant Motion to Allow Amendment of Complaint.  In his Motion, Plaintiff seeks to add a claim for failure to pay overtime in violation of the FLSA, 29 U.S.C. § 207.  Plaintiff alleges that he just discovered that he was allegedly entitled to overtime under the FLSA during his employment with Defendant.

Plaintiff was employed by Defendant as a Night Area Manager.  Plaintiff's duties in this position rendered him exempt from the overtime obligations of the FLSA.  He was a manager and was paid on a salary basis.  This was clear since the inception of the case.

## II.   ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides that, once a response to a pleading has been filed, a pleading may be amended by leave of court.  Fed. R. Civ. Pro. 16(a).  Although, under the Rule, "leave shall be freely given when justice so requires," leave to amend should not be permitted when a proposed amendment is futile.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Plaintiff should not be given leave to amend his Complaint because such amendment is futile.

Plaintiff's initial Complaint included a claim for retaliation under the FLSA.  At the time he filed his Complaint, Plaintiff clearly examined his rights and potential claims under the FLSA.  The crux of his FLSA retaliation claim is that he was employed as an area manager and that Defendant retaliated against him for seeking proper payment of overtime for his subordinates.  Plaintiff was aware of an employer's obligation to pay overtime to non-exempt employees and he apparently did not believe, during his employment or at the time he filed his Complaint, that

he was entitled to overtime himself.  As he states in his Complaint, he was employed as an area manager.

In his Motion, Plaintiff alleges that he recently received a document that indicates that he was misclassified as exempt under the FLSA.  He states that he attached the document to his Initial Disclosures.  However, the document attached to Plaintiff's Initial Disclosures mentions Plaintiff is a "Night Area Managers Schedule" that lists him as a "Night Area Manager." Contrary to Plaintiff's assertion, there is nothing in the document to undermine Plaintiff's exempt classification under the FLSA.  The Night Area Manager's Schedule that Plaintiff relies on to assert his overtime claim was presumably in Plaintiff's possession since he was employed as a Night Area Manager by Defendant.  Thus, Plaintiff has no justification for the more than nine month delay in asserting his personal claim for unpaid overtime.

Because Plaintiff was employed by Defendant as an area manager exempt from the overtime obligations of the FLSA, Plaintiff's amendment to his Complaint adding a claim for unpaid overtime under the FLSA would be futile, in addition to its inexplicable lateness.

## III.  <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion to Allow Amendment of the Complaint.

Dated:  October 18, 2007                     Respectfully submitted,

                                             LITTLER MENDELSON


                                  By:  _____/s/_____

                                       Joseph P. Harkins (DC Bar No. 394902)
                                       Katherine E. Bierma Pregel (DC Bar No. 486615)
                                       1150 17th Street, N.W.
                                       Suite 900
                                       Washington, D.C. 20036
                                       (202) 842-3400  Telephone
                                       (202) 842-0011  Facsimile

                                       Attorneys for Defendant
                                       Central Parking System of Virginia, Inc.

- 4 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing Defendant's Opposition to Plaintiff's Motion to Allow Amendment of Complaint was served via e-mail and first-class mail, postage prepaid, on this 18th day of October, 2007 upon the following:

        Nils G. Peterson, Esquire
        2009 N. 14th Street
        Suite 708
        Arlington, VA 22201

        Counsel for Plaintiff Iyob Haile-Iyanu

                           /s/
                    Katherine E. Bierma Pregel