```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

IYOB HAILE-IYANU                :
                                :
     Plaintiff,                 :
                                :
v.                              :  Civil Action No. 1:06CV02171 (EGS)
                                :
CENTRAL PARKING SYSTEM OF       :
VIRGINIA, INC.                  :
                                :
     Defendant.                 :
```

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION**
**TO ALLOW AMENDMENT OF COMPLAINT**

COMES NOW the Plaintiff, by counsel, and replies to the opposition of Defendant to Plaintiff's Motion to Allow Amendment of Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

Defendant, Central Parking, opposes Plaintiff's request to add a claim for unpaid overtime to his complaint on the basis that such amendment is futile and that Plaintiff has waited too long. Neither of these reasons are well founded in the instant case as demonstrated below. Defendant's opposition at page 3 states: Because Plaintiff was employed as an area manager exempt from the overtime obligations of the FLSA, Plaintiff's amendment to his Complaint adding a claim for unpaid overtime under the FLSA would be futile, in addition to its inexplicable lateness.

Defendant's Answer to the Complaint denies paragraph 5 in part indicating that Defendant has examined its classification of Plaintiff in time to file its answer. Defendant's own documents distinguish between area managers and night area managers. See Exhibits 1, 2 and 3. Exhibit 1 is the first page of a five page document of all locations

of Central Parking in the Washington metropolitan area and the management employees assigned to each; night area managers do not appear on this list. (Names and addresses on this document have been redacted to protect Defendant's business information).  Night area managers are not assigned to individual locations and do not appear on Exhibit 2 simply because they do not manage any employees directly.  Each of the approximately 15 area managers is assigned about 10 individual locations to manage.  At times, night area managers are called night managers (Exhibit 3).

A. Amendment is Not Futile

　　　　Section 7(a)(1) of the Fair Labor Standards Act (29 U.S.C. 207) states in relevant part:
> Except as otherwise provided in this section, no employer shall employ any of his employees ... for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

As shown in Exhibit 1, attached hereto, Plaintiff was classified as a night area manager along with three other employees.  These employees worked varying shifts.  The night area managers were not assigned to a specific location as were area managers and were not assigned to supervise specific employees.

　　　The Fair Labor Standards Act provides what is commonly referred to as the "white collar exemptions" for workers who are executive, administrative or professional employees (29 U.S.C. §213(a)(1).  To benefit from any one of the three exemptions, an employer must demonstrate by clear and convincing evidence that an employee meets the Department of Labor regulatory definition of the exemption.

Shockley v. City of Newport News, 997 F.2d 18, 21-22 (4th Cir. 1993). Thus, Defendant bears the burden of demonstrating the job duties of an employee that it wishes to claim an exemption from the requirement that it pay overtime. Clearly, Defendant cannot meet the burden of proving that Plaintiff is properly classified as an professional employee because of the job duties of Plaintiff. Similarly, Defendant cannot properly classify Plaintiff as exempt using the administrative exemption because of the requirement that such a job be an white collar office job. Thus, Defendant is required to prove that plaintiff is an exempt employee under the executive or management exemption which requires the supervision of two or more full time employees (See 29 CFR 541.105). Defendant cannot prove that Plaintiff supervised two or more employees in this case because each of the employees in the individual garages was supervised by an area manager who was responsible for the garage employees including scheduling and approving time cards. (See Exhibit 2) The night area manager did not perform these duties. More importantly, the Department of Labor regulations state that an employee may not have two managers for purposes of classifying the supervisors as exempt. 29 CFR 541.105(e) states in pertinent part:
> A shared responsibility for the supervision of the same two or more employees in the same department does not satisfy the requirement that the employee "customarily and regularly directs the work of two or more employees therein."

Even if Plaintiff was a manager, the duties that he preformed do not merit classification as exempt based on his being a working

foreman as defined at 29 C.F.R.§541.115 which states in pertinent part:

> (a) The primary purpose of the exclusionary language placing a limitation on the amount of nonexempt work is to distinguish between the bona fide executive and the "working" foreman or "working" supervisor who regularly performs "production" work or other work which is unrelated or only remotely related to his supervisory activities. (The term "working" foreman is used in this subpart in the sense indicated in the text and should not be construed to mean only one who performs work similar to that performed by his subordinates.)
>
> (b) One type of working foreman or working supervisor most commonly found in industry works alongside his subordinates. Such employees, sometimes known as strawbosses, or gang or group leaders, perform the same kind of work as that performed by their subordinates, and also carry on supervisory functions. Clearly, the work of the same nature as that performed by the employees' subordinates must be counted as nonexempt work and if the amount of such work performed is substantial the exemption does not apply. ("Substantial," as used in this section, means more than 20 percent. See discussion of the 20-percent limitation on nonexempt work in §541.112). A foreman in a dress shop, for example, who operates a sewing machine to produce the product is performing clearly nonexempt work.

In the instant case, there will be sufficient evidence to demonstrate that Plaintiff is a non exempt employee. Defendant bears the burden of proving that Plaintiff is not exempt to warrant not paying overtime. At this stage of the proceedings, the amendment of the complaint to add a claim for unpaid overtime is warranted.

B. Plaintiff Has Not Waited Too Long To Seek Amendment

Defendant suggests that Plaintiff has waited too long to seek amendment of his complaint since he had the documents his motion to amend refers to since the beginning of the case. Defendant's supposition is incorrect. The documents attached as Exhibit 1, Exhibit 2 and Exhibit 3 were provided to Plaintiff's counsel by Sirioma

4

Wijegoonawardn, another client of counsel with a lawsuit in this Court against Central Parking for unpaid overtime. See <u>Wijegoonawardn v. Central Parking Company of Virginia, Inc.</u> 1:07-cv-00999(JR). Sirioma Wijegoonawardena and Plaintiff were night managers at the same time for Defendant. Plaintiff is likely to have seen the documents attached as Exhibits 1, 2 and 3 during his employment but counsel was unaware of such document until provided by Sirioma Wijegoonawardena in the past month. Therefore, Defendant's suggestion that Plaintiff delayed in asserting an overtime claim is misplaced. Defendant has yet to serve any discovery and will not be prejudiced in any way by the amendment.

## Conclusion

For the above stated reasons, Plaintiff requests the Court to allow amendment of his complaint.

                                        Iyob Haile-Iyanu
                                        By Counsel


\_\_\_\_\_/s/_____
Nils G. Peterson
D.C. Bar No. 295261
2009 N. 14th Street, Suite 708
Arlington, VA  22201
703-527-9900

CERTIFICATE OF SERVICE

    I hereby certify that on the 26th day of October 2007 a true copy of the foregoing was sent by the Court's electronic filing to:

Joseph Harkins, Esq.
Maria Perugini Baechli, Esq.
Littler Mendelson
1150 17th Street, NW, #900
Washington, D.C.  20036

                                  _____/s/_____
                                  Nils Peterson

**Central Parking System**

# NIGHT AREA MANAGERS SCHEDULE

City 110     Washington DC

ADDRESS: 1225 Eye Street N.W Washington DC

LOC#: _____     DC, VA, MD

Effectivy Date: _____     Emergency Number: _____

DATE: 2/1/2006

| TITLE: | NAME | DAYS AND HOURS | | | | | | | REMARKS |
|---|---|---|---|---|---|---|---|---|---|
| | | MON. | TUE. | WED. | THU. | FRI. | SAT. | SUN. | |
| Night Area Manager | Getachew Bekele 202-253-4176 | 6p to closed | 6p to closed | Off | Off | 6p to closed | Afternoon Shift | Afternoon Shift | Garage operations and night business & weekends |
| Night Area Manager | Iyop Haileiyanu 202-253-4760 | off | Off | Off | 6p to closed | Off | Morning Shift | Morning Shift | Garage operations and night business & weekends |
| Night Area Manager | Siri Wijegoonawardn 202-641-0045 | 6p to closed | 6p to closed | 6p to closed | 6p to closed | 6p to closed | 6p to closed | off | Garage operations and night business & weekends |
| Night Area Manager | Mesfin Lissanu 202-253-4923 | off | off | Over Night Shift | Over Night Shift | Over Night Shift | Over Night Shift | Over Night Shift | Emergency calls and after hours assistance |



**Central Parking Systems**
**Washington, DC Region**

# CURRENT LOCATION LISTING

Last Updated: October 09, 2006

| Loc# | Name | Address/Phone | Location Telephone | Operations Manager | Area/Project Manager | L/M | # Spaces | Company | Client |
|---|---|---|---|---|---|---|---|---|---|
| 0005 | ▮ | Arlington, VA 22209 | (703) ▮ | Shaazad Asghar | ▮ | | | | |
| 0009 | ▮ | ▮ | (202) ▮ | William Torres | ▮ | | | | |
| 0010 | ▮ | SW | (202) ▮ | Mike Strickler | Vacant | L | | Trust | |
| 0014 | ▮ | ▮ | (703) ▮ | William Torres | ▮ | L | | | |
| 0016 | ▮ Parkway | No Phone | Shaazad Asghar | ▮ | M | | | | |
| 0023 | ▮ | Silverspring, MD | (301) ▮ | Lawrence McCray | ▮ | M | | | |
| 0032 | ▮ | Arlington, VA 22203 | (703) ▮ | Shaazad Asghar | ▮ | M | | | |
| 0052 | ▮ | Washington, DC 20005 | (202) ▮ | William Torres | ▮ | M | | | |
| 0061 | ▮ | ▮ | (202) ▮ | William Torres | ▮ | L | | | |
| 0065 | ▮ | Silverspring, MD | (301) ▮ | Shaazad Asghar | ▮ | M | | | |
| 0077 | ▮ | Highway | (301) ▮ | Lawrence McCray | ▮ | M | | | |
| 0079 | ▮ | Avenue | (202) ▮ | Lawrence McCray | ▮ | M | | | |
| 0080 | ▮ | ▮ | (202) ▮ | Lawrence McCray | ▮ | M | | | |
| 0083 | ▮ | ▮ | (202) ▮ | Lawrence McCray | ▮ | M | | | |
| 0087 | ▮ | Avenue, NE | (202) ▮ | William Torres | ▮ | M | | | |
| 0088 | ▮ | ▮ | (202) ▮ | Shaazad Asghar | ▮ | L | | | |
| 0095 | ▮ | Washington, DC 20037 | (202) ▮ | William Torres | ▮ | M | | | |
| 0097 | ▮ | ▮ | (202) ▮ | Shaazad Asghar | ▮ | L | | | |
| 0115 | ▮ | ▮ | (202) ▮ | Shaazad Asghar | ▮ | M | | | |
| 0124 | ▮ | ▮ | (202) ▮ | William Torres | ▮ | L | | | |
| 0127 | ▮ | ▮ | (202) ▮ | Shaazad Asghar | ▮ | N/A | | | |

**Central Parking Systems**
**Master Verizon Wireless Phone List a/o 09/30/2006**
**Master Account Number 7187**█████

| NAME | NUMBER | POSITION |
|---|---|---|
| █████ | 202-253-███ | Project Mgr |
| █████ | 202-253-4███ | Area Mgr |
| █████ | 202-253-███ | Area Mgr |
| █████ | 202-365-2███ | Area Manager |
| █████ | 202-309-0███ | City Ops. Manager |
| █████ | 202-253-4███ | Night Manager |
| █████ | 202-236-0███ | Hotel Project Mgr. |
| █████ | 202-222-███ | Hotel Ops. Division |
| █████ | 202-365-4███ | Capital Hilton |
| █████ | 202-253-4███ | Area Manager |
| █████ | 202-309-2███ | Area Manager |
| █████ | 202-360-9███ | Project Manager |
| █████ | 202-494-███ | Area Manager |
| █████ | 202-306-███ | Hotel Area Mgr. |
| █████ | 202-641-███ | Area Manager |
| █████ | 202-365-███ | Project Manager |
| █████ | 202-253-4███ | Hotel Manager |
| █████ | 202-253-4███ | Night Manager |
| █████ | 202-365-███ | Area Manager |
| █████ | 202-365-7███ | Hotel Attendant |
| █████ | 202-253-███ | Hotel Mgr.-0095/ Zee |
| █████ | 202-253-4███ | Area Manager |
| █████ | 202-253-███ | Night Manager |
| █████ | 202-276-███ | Ritz Carlton Mgr. |
| █████ | 202-253-███ | Maintenance Sup. |
| █████ | 202-577-███ | Area Manager |
| █████ | 202-253-███ | Area Manager |
| █████ | 202-309-███ | Regional Sr. VP |
| █████ | 202-253-███ | Trizec Portfolio Mgr. |
| █████ | 202-253-███ | Dir. of Maintenance |
| █████ | 202-365-███ | City Auditor |
| █████ | 202-365-███ | Area Manager |
| █████ | 202-365-███ | HR Director |
| █████ | 202-997-███ | Area Manager |
| █████ | 202-253-███ | Area Manager |
| █████ | 202-744-███ | Hotel Asst. Mgr. |
| █████ | 202-253-███ | Trizec |
| █████ | 202-365-███ | Ops. Excellence Mgr. |
| █████ | 202-365-2███ | Area Manager |
| Siri | 202-641-0███ | Night Manager |
| █████ | 202-365-███ | Portfolio Manager |
| █████ | 202-365-███ | Area Manager |
| █████ | 202-365-███ | Sr. City Ops. Manager |
| █████ | 202-577-███ | Trizec |
| █████ | 202-253-███ | Maintenance |
| Williams, Andrew | 202-365-5███ | Hotels Division |
| █████ | 202-222-5███ | Project Manager |
| █████ | 202-744-███ | Area Manager |
| █████ | 202-329-7███ | Asst. H/R Manager |