```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

IYOB HAILE-IYANU                    :
                                    :
        Plaintiff,                  :
                                    :
v.                                  :  Civil Action No. 1:06cv02171 (EGS)
                                    :
CENTRAL PARKING SYSTEM OF           :
VIRGINIA, INC.                      :
d/b/a CENTRAL PARKING SYSTEM        :
                                    :
        Defendant.                  :
```

FIRST AMENDED COMPLAINT

Parties

COMES NOW the Plaintiff, Iyob Haile-Iyanu, through his attorney, Nils G. Peterson, and for his Complaint against the Defendant, Central Parking System of Virginia, Inc. ("Central"), alleges as follows:

1. Plaintiff Haile-Iyanu is a resident of Virginia. Defendant employed Plaintiff in the District of Columbia.

2. Defendant Central is a Tennessee corporation registered to do business in the District of Columbia and has done business in the District of Columbia during all times material hereto.

Jurisdiction

3. Jurisdiction of this action is conferred on this Court by §16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), (the "Act" or "FLSA") and pendent jurisdiction.

**COUNT I   TERMINATION IN VIOLATION OF FLSA**

4. At all times hereinafter mentioned, Defendant was engaged in the provision of parking services in the District of Columbia. The provision of such parking services directly affects interstate commerce and Defendant's employees are engaged in such interstate

commerce. During the course of his employment Plaintiff affected interstate commerce by his actions.

5. From 2001 through September 2006, Defendant employed Plaintiff as an area manager.

6. During 2005 and 2006 Plaintiff sought payment of proper overtime for employees that he supervised.

7. Defendant's employees refused and failed to pay all the overtime that was earned by the employees that were supervised by plaintiff.

8. As a result of Plaintiff's request that the employees be compensated properly for overtime that they worked, Defendant retaliated against him through termination of his employment.

9. As a result of the foregoing wilful unlawful conduct on the part of Defendant, Plaintiff has suffered damages since he has lost pay and benefits. Plaintiff further seeks liquidated damages equal to the wages due but not paid as a result of Defendant's wilful termination of his employment in violation of §15 of the Act, 29 U.S.C. §215.

## COUNT II

### VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

10. Plaintiff restates and realleges paragraphs 1 to 9.

11. Plaintiff brings this action under the provisions of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. and the District of Columbia Family and Medical Leave Act  DC Code 32-501 et seq ("FMLA").

12. Jurisdiction of this action is conferred on this Court by The Family and Medical Leave Act 29 U.S.C. 2617 and the District of Columbia Family and Medical Leave Act, D.C. Code 32-510 et seq..

13. Defendant, at all times relevant, employed 50 or more employees and is an employer within the meaning of 29 U.S.C. §2611(4) and D.C. Code 32-501 et seq.

14. Plaintiff is an eligible employee within the meaning of 29 U.S.C. §2611(2) and D.C. Code 32-516; he was employed full time by Defendant for four years.

15. In the course of his employment by Defendant, Plaintiff's performance was satisfactory.

16. Plaintiff was injured on October 31, 2005 due to a work related accident. Plaintiff went to Georgetown Hospital and was later treated at INOVA Alexandria Hospital for a herniated disk.

17. Plaintiff took leave for his injuries sustained in the accident.

18. When plaintiff returned to work he was required to take intermittent leave for his serious medical condition and informed Defendant of the need for such leave and the need for further treatment.

19. Plaintiff was terminated on September 12, 2006 for improper placement of a key which was a charge that was fabricated by Defendant.

20. The injuries sustained by Plaintiff in the accident of October 31, 2005 constitute a "serious health condition" under the FMLA.

21. Defendant fired Plaintiff causing a loss of income and benefits.

22. Defendant terminated Plaintiff for having taken medical leave and in order to interfere with Plaintiff's rights to future medical leave under the FMLA.

23. Under the FMLA, Defendant was forbidden to interfere with Plaintiff's right to medical leave under the FMLA.

24. Plaintiff was terminated in violation of his rights under the FMLA.

25. The aforementioned acts of the Defendant are in violation of the Family and Medical Leave Act, 29 U.S.C. §2615 and the District of Columbia Family and Medical Leave Act.

26. Plaintiff alleges that Defendant unlawfully and discriminatorily terminated his employment and otherwise discriminated against him in violation of 29 U.S.C. §2615(a)(2) and the District of Columbia Family and Medical Leave Act because of his use of medical leave for serious medical conditions justifying an award, inter alia, of back pay, interest and any and all other damages that he is entitled to under law against Defendant.

27. Plaintiff alleges that Defendant unlawfully and discriminatorily denied Plaintiff's attempts to exercise his legal rights in violation of 29 U.S.C. §2615(a)(1) and the District of Columbia Family and Medical Leave Act because of his attempts to use medical leave, justifying an award, inter alia, of back pay, interest and any and all other damages that he is entitled to under law against Defendant.

WHEREFORE, Plaintiff prays that this Court exercise jurisdiction over his claim and award: (1) Full legal relief under the Federal and District of Columbia Family and Medical Leave Act, (2) damages to make

4

the Plaintiff whole as before Defendant's actions, (3) prejudgment interest, (4) liquidated damages equal to the amounts awarded under (1), (2), and (3) as allowed by statute, (5) attorneys costs and fees as specifically provided in 29 U.S.C. §2617(a)(3) and the District of Columbia Code and (6) such additional relief, such as reinstatement and payment of improperly denied benefits, as may be necessary and proper.

### COUNT III - FAILURE TO PAY PROPER OVERTIME

28.  Plaintiff restates and realleges paragraphs 1-27.

29.  Jurisdiction of this action is conferred on this Court by §16(b) of the Fair Labor Standards Act, 29 U.S.C. 216(b), (the "Act" or "FLSA") and pendent jurisdiction.

30.  During his employment Plaintiff's position and work were non-exempt under the FLSA.  Plaintiff was not paid properly for the overtime spent on this work.

31.  On information and belief, Plaintiff worked weeks of over forty hours.

32.  Defendant and its executives were aware that Plaintiff regularly worked over 40 hours per week.

33.  Defendant condoned and benefitted from the performance of such extra work time.

34.  Plaintiff was not compensated properly by Defendant for hours he worked in excess of 40 hours per week during the period of his employment.

35.  Upon information and belief, Defendant knew of its duty and obligation to pay proper overtime wages for the hours worked in excess of 40 hours per work week, and Defendant knowingly failed and

refused to follow the lawful requirements. Defendant's acts and omissions constitute wilful violations which entitle Plaintiff to liquidated damages for knowing violations.

36. During said time period, Plaintiff was not paid for all hours worked in excess of 40 hours each work week, in wilful violation of Section 7 of the Act, 29 U.S.C. Section 207 and the District of Columbia wage statute, D.C. Code 36-201 et seq..

37. As a result of the foregoing wilful unlawful conduct on the part of Defendant, Plaintiff has suffered damages since he has not received proper overtime. Plaintiff further seeks liquidated damages equal to the wages due but not paid as a result of Defendant's wilful failure to pay overtime in violation of §7 of the Act, 29 U.S.C. §207 and the D.C. Wage Act, D.C. Code 36-201 et seq..

WHEREFORE, Plaintiff prays that this Honorable Court grant him judgment against the Defendant for the amount of unpaid overtime and minimum wages owed Plaintiff and prejudgment interest thereon at the lawful rate, on the basis of Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. §§201 et seq., and the District of Columbia Wage Act 36-201 et seq. and award Plaintiff (1) an equal amount in liquidated damages, (2) reasonable attorneys' fees and costs of suit, and (3) such other and further relief as this Court deems equitable and just.

COUNT IV

RACIAL DISCRIMINATION

Jurisdiction

38. Jurisdiction of this action is conferred on this Court by The Civil Rights Act of 1871, 42 U.S.C. 1981;

39. Plaintiff restates and realleges paragraphs 1 to 37.

40. Plaintiff is of African heritage and during his employment with Defendant he was paid less for the same work performed by white employees.

41. Defendant discriminated against plaintiff based on his race.

42. As a result of the aforesaid discrimination, Plaintiff has suffered loss of income, benefits and career opportunities.

43. As a result of the aforesaid discrimination and harassment, Plaintiff suffered humiliation.

WHEREFORE, Plaintiff requests this Court:

(a) To award him under Section 1981 all the pay and fringe benefits he has lost as a result of Defendant's unlawful discrimination against him;

(b) To award him, under Section 1981, compensation and punitive damages for injuries suffered as a result of violation of federal law.

(c) To award him under Section 1981 reasonable attorney's fees and costs of this action.

(d) To award him such other and further relief as this Court deems just and proper.

## COUNT V

### RETALIATION

44. Plaintiff realleges and incorporates by reference herein

Paragraphs 1 through 43.

45. During his employment in 2004 and 2005 Plaintiff complained to Defendant about being paid less than white employees doing the same work. As result of such complaints Plaintiff was evaluated and placed on a performance improvement plan. On information and belief, complaining about racial discrimination led to the termination of Plaintiff's employment on September 12, 2006,

46. As a result of the aforesaid discrimination and retaliation, Plaintiff suffered loss of income and fringe benefits.

47. As a result of the acts of discrimination and retaliation, Plaintiff suffered humiliation, emotional harm and harm to his reputation.

48. Defendant's acts of discrimination and retaliation were performed with malice and reckless indifference to Plaintiff's protected civil rights.

49. Defendant wilfully discriminated and retaliated against Plaintiff on account of his claiming he was discriminated in his pay by Defendant in violation of Section 1981.

Wherefore, Plaintiff respectfully prays this Court:

(a) To award him under Section 1981 all the pay and fringe benefits he has lost as a result of Defendant's unlawful discrimination and retaliation against him;

(b) To award him, under Section 1981, compensation and punitive damages for injuries suffered as a result of violation of federal law.

(c) To award him under Section 1981 reasonable attorney's fees and costs of this action.

(d) To award him such other and further relief as this Court deems

just and proper including reinstatement of his position.

JURY DEMANDED

Plaintiff hereby demands a jury on all issues triable by a jury.
Iyob Haile-Iyanu
By Counsel

\_\_\_\_\_/s/_____
Nils G. Peterson
DC Bar No. 295261
2009 N. 14th Street, #708
Arlington, VA  22201
703-527-9900